[No. 20508.    In Bank. — September 18, 1889.]

## THE PEOPLE, RESPONDENT, *v.* J. H. JOSELYN ET AL., APPELLANTS.

CRIMINAL LAW — SUPERIOR COURT OF SAN FRANCISCO HAS NO JURISDICTION TO TRY CASES OF MISDEMEANORS. — Under existing laws, the superior court of the city and county of San Francisco has no jurisdiction to try cases of misdemeanors. *Green* v. *Superior Court*, 78 Cal. 556, affirmed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The legislation affecting the jurisdiction of the superior court of the city and county of San Francisco in cases of misdemeanor is stated and reviewed in the opinion in the case of *Green* v. *Superior Court*, 78 Cal. 556. The further facts are stated in the opinion.

*Alexander Campbell,* and *Davis Louderbach,* for Appellants.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendants were charged by indictment with the commission of a misdemeanor, in that they conspired, combined, and agreed together feloniously to kill and murder a certain W. B. Drew. The defendants demurred to the indictment, upon the ground, among others, that the superior court of the city and county of San Francisco, in which they stood indicted,

and by which they were to be tried, was without jurisdiction to consider and determine their cause. The demurrer was overruled, and a trial had before a jury. The defendants were convicted as charged. From the judgment therein rendered, and an order denying them a new trial, they have appealed.

The principles of law involved in this case, as affecting the jurisdiction of the superior court of the city and county of San Francisco to try an offense such as the one in hand, were fully discussed and plainly declared in the case of *Green* v. *Superior Court*, 78 Cal. 556, and the conclusion reached in favor of the defendants' contention that the superior court of the city and county of San Francisco had no jurisdiction to try a misdemeanor. It follows, therefore, that the judgment and order should be reversed, and we so advise.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed.