[No. 20609.   In Bank. — June 10, 1890.]

THE PEOPLE, RESPONDENT, *v.* SIMON HAMBERG, APPELLANT.

CRIMINAL LAW — OBTAINING PROPERTY UNDER FALSE PRETENSES — JURISDICTION. — Under section 532 of the Penal Code, the offense of obtaining property of the value of nine thousand five hundred dollars under false pretenses, being punishable by imprisonment in the county jail not exceeding one year, and by fine not exceeding three times the value of the property, is not within the jurisdiction of the police judge's court, but the jurisdiction thereof properly belongs to the superior court.

ID. — JURISDICTION OF CONSPIRACY. — The misdemeanor of conspiracy, under section 181 of the Penal Code, being punishable by imprisonment not exceeding one year in the county jail, or by fine not exceeding one thousand dollars, is not within the jurisdiction of the superior court.

ID. — ONCE IN JEOPARDY — VOID CONVICTION FOR CONSPIRACY. — A void conviction in the superior court for a conspiracy, under section 181 of the Penal Code, of which that court had no jurisdiction, did not place the defendant in jeopardy so as to bar an indictment in the same court, in reference to the same transaction, for obtaining property under false pretenses, of which that court has jurisdiction.

ID. — PLEA OF JEOPARDY — SUBMISSION TO JURY — SPECIAL FINDING. — It is the duty of the court to submit to the jury the issue raised by a plea of former jeopardy, and to have it specially passed on by that body, in addition to the general finding upon the plea of not guilty.

ID. — SELLING PROPERTY WITHOUT TITLE — EVIDENCE — GUILTY KNOWLEDGE — JUDGMENT IN CIVIL ACTION. — The judgment roll in a prior civil action against the defendant, in which the worthlessness of his title was adjudged, is admissible, in connection with oral testimony of the attorney for the adverse party, upon trial of a criminal charge of obtaining money under false pretenses, by a deed of such worthless title, as tending to show guilty knowledge on the part of the defendant that he was selling property to which he had no title.

Id. — Testimony of Prosecuting Attorney. — The prosecuting attorney, who is in a situation to know facts tending to show guilty knowledge of the defendant, may be allowed, in the interests of justice, to testify thereto.

Id. — Bias and Prejudice of Prosecuting Attorney. — An admission of the prosecuting attorney, made in the presence of the jury, when his manner of cross-examining the defendant was objected to, that he was biased and prejudiced against him, though disapproved of, is not ground for discharging the defendant from custody, nor is it ground for a reversal of a judgment of conviction, if the record does not disclose that the prosecuting attorney proceeded thereafter to exhibit his prejudice to the jury by the form of his questions to the defendant.

Id. — False Representations as to Title — Proof of Offense. — When the evidence shows that defendant knew and believed he had no title to the property he was selling, and yet represented that he had a good title, with intent to deceive and defraud, and thereby succeeded in cheating the prosecuting witness out of his property, the offense of obtaining property under false pretenses is made out, though the title is subsequently brought in question before the appellate court and declared good, in a case to which defendant was not a party, if a rehearing has been granted in such case, and the judgment of the superior court declaring such title void remains unreversed.

Id. — Sentence — Imprisonment for Non-payment of Fine — Modification of Judgment. — A defendant who is fined in twice the value of the property which he is found guilty of obtaining by false pretenses cannot be imprisoned for non-payment of the fine, and the judgment, so far as it imposes such imprisonment, will be ordered, upon appeal, to be modified by striking out that portion thereof.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Eugene N. Deuprey,* for Appellant.

*Attorney-General Johnson,* for Respondent.

Foote, C. — The defendant was jointly indicted with one Pilcher for obtaining money under false pretenses from one F. M. Parker. Pilcher, it seems, had pleaded guilty, before the present trial, and Hamberg was tried alone.

The charge, in brief, is, that the parties first mentioned had falsely and fraudulently represented to Parker that

Hamberg was the owner and in possession of certain lots in the city of San Francisco, and Parker, relying solely upon the false representations made to him by the parties defendant, had accepted a deed from Hamberg of the lots, and given in return money and other property of the value of nine thousand five hundred dollars; that the representations thus made to Parker were untrue, and known to be so by the defendant at the time they were made.

A demurrer was filed to the indictment, on the grounds, —1. That the facts stated do not constitute a public offense; 2. That it contains matters which, if true, contains a legal justification and excuse of the offense charged, and a bar to the prosecution.

This demurrer was overruled, and the defendant thereupon, on the 18th of February, 1888, entered a plea of not guilty.

On the 28th of March, 1888, he entered a plea of former jeopardy, and made a motion to set aside the indictment, on the ground that the court had no jurisdiction to try him, as he had already been tried and convicted of the same offense. The court overruled his motion to set aside and dismiss the indictment, on the 26th of April, 1888. On the thirtieth day of the same month the defendant was tried upon the indictment, and his pleas thus filed. The jury returned a verdict that the defendant was guilty as charged in the indictment, and upon his plea of once in jeopardy, they found for the people.

The defendant, by his counsel, then at once moved to set aside the verdict, on the ground that the plea of former jeopardy was not before the jury; that it was presented to the court only to be ruled on as a matter of law, and was ruled on before the trial. The motion was denied, upon the ground, as stated by the court, that the plea was presented in open court at the trial.

The defendant, on the 12th of May following, made a

motion in arrest of judgment, on the following grounds: Because the court had no jurisdiction to try the defendant, because he had already been tried and convicted for the same offense; because of defects in the indictment, viz., that it did not conform to sections 950, 951, and 952 of the Penal Code; that more than one offense is charged; that the facts stated do not constitute a public offense; that the indictment contains matter which, if true, would constitute a legal justification or excuse of the offense charged and a legal bar to the prosecution; that the defendant was not properly arraigned upon the indictment in the case as required by law.

On the same day a motion for a new trial was made, upon various grounds.

The motion in arrest of judgment was denied, as also that for a new trial.

Thereupon, on the 19th of May, 1888, the court rendered its judgment, based upon the verdict of the jury, and sentenced the defendant to imprisonment for one year in the county jail, and to pay a fine of nineteen thousand dollars, or in default of payment of the same, to imprisonment in the county jail until the fine be satisfied, at the rate of one day for each one dollar of the said fine, such imprisonment, in default of the payment of the fine imposed, or any portion thereof, to commence at the expiration of the year's imprisonment first imposed and adjudged.

From the judgment, including the orders made before entry thereof, and from an order denying a new trial, the defendant appeals.

The points apparently relied upon by the defendant for a reversal of the judgment and order, as appears from his reply brief, are, that the indictment herein being for a misdemeanor, the superior court of the city and county of San Francisco did not have jurisdiction to try him. He relies on the decision of the appellate court in the case of *Green* v. *Superior Court*, 78 Cal. 556. The

same point was made in *Ex parte Neustadt*, 82 Cal. 273. That case was where, as here, a party had been indicted, convicted, and sentenced, under section 532 of the Penal Code (as it stood at the date of the trial, and prior to the amendment of 1889), and where the fine imposed was over one thousand dollars, and the same condition imposed as to imprisonment until it should be paid, as in the present instance. It was said in the opinion delivered in that case: "The case referred to (*Green* v. *Superior Court, supra*), is not in point. The offense named in section 532 is punishable by imprisonment in the county jail not exceeding one year, and by fine not exceeding three times the value of the property. A fine must in all cases be imposed; there is no alternative. It must be three times the value of the property. It may be more than one thousand dollars. The police judge's court, therefore, has not jurisdiction of this offense."

It is clear, therefore, that the misdemeanor here tried by the superior court of the city and county of San Francisco was not triable by the police judge's court, but was within the jurisdiction of the superior court.

The order denying the motion to set aside and dismiss the indictment, on the ground of the want of jurisdiction to try the defendant, by reason of his having been formerly in jeopardy for the same offense, was properly denied.

The former trial and conviction was for a conspiracy, a misdemeanor under section 181 of the Penal Code. It is punishable by imprisonment not exceeding one year in the county jail, or by fine not exceeding one thousand dollars. The superior court did not have jurisdiction to try the defendant for that offense; hence the judgment of conviction was void. (*Green* v. *Superior Court*, 78 Cal. 556.) And the defendant had not, prior to the present trial, been placed in jeopardy.

It seems, also, to be contended that the court had no right, after refusing to set aside the indictment, to sub-

mit the issue to the jury raised by the plea of former jeopardy, and have it passed on by that body. To do otherwise would have been erroneous. The court's duty was to have the jury pass upon that issue, under section 1151 of the Penal Code, and find either "for the people" or "for the defendant," as the evidence might warrant, in addition to the general finding upon the plea of not guilty.

The further claim is made, that error was committed in allowing the introduction in evidence of the judgment roll in a certain case. (*Courtney* v. *Hamberg.*) The purpose of that evidence was to show that, at the time when the defendant induced the prosecuting witness to part with his property and transfer and deliver it to the defendant, the latter knew that the title was worthless to the property to which he pretended to have a good title, and which he was deeding to the prosecuting witness in exchange for what the defendant was receiving from him, and that the worthlessness of the defendant's title had been adjudged in that very suit.

This evidence, taken in connection with the testimony of Mr. Dunne, who was the prosecuting attorney here, and the attorney for the adverse party to the defendant in the action just mentioned, certainly tended, at least, to show that the defendant did know, at the time he sold to the prosecuting witness, that he was selling him property to which the defendant had no title.

We do not see why the prosecuting attorney, who was in a situation to know of the facts tending to show guilty knowledge on the part of the defendant as to his pretended title, should not have been allowed to give his testimony in the interests of justice, and we do not perceive any error in the court allowing him to do so.

As to the manner of his cross-examination of the defendant, when a witness on his own behalf, and his declaration of bias and prejudice, it is to be said that it was unfortunate that he should have allowed himself to

display and to admit it in the presence of the jury; but the declaration that he made was brought out by the objection of the defendant's counsel, who declared that the prosecuting attorney was prejudiced and biased, and demanded that, for that cause, the court should discharge the defendant from custody, which demand the court very properly refused to accord, and from that action of the court the exception was taken.

After his declaration of bias, the prosecuting attorney did not proceed, as he had begun, to exhibit his prejudice to the jury by the form of his questions to the defendant, so far as the record discloses. And so far as the effect upon the jury was concerned, in this instance, at least, it seems to us that the frank admission of the prosecuting attorney, that he was biased and prejudiced, would have tended to the advantage, rather than to the prejudice, of defendant, as the jury could then know from what motives the zeal of the officer might, perhaps, proceed. We do not think this a sufficient ground for a reversal of the judgment and order, but it is proper to say that such occurrences have before been referred to with disapproval. (*People* v. *Bowers,* 79 Cal. 417; *People* v. *Lee Chuck,* 78 Cal. 327–329.)

We think the indictment was sufficient, under the statute (section 532 of the Penal Code), and that it stated plainly the reliance of the prosecuting witness on the false statements of the defendant as to his title. The evidence, we think, shows very clearly that the defendant knew and believed he had no title to the property he was selling, and yet represented that he had a good title; that he did this with the intent to deceive and defraud, and succeeded by such false pretense in accomplishing his object and cheating the prosecuting witness out of his property.

But it is argued that the title (Ellis title) which the defendant transferred to Parker was a good title, as declared by the appellate court since defendant's trial, in

the case of *United Land Association* v. *Knight*, decided January 2, 1890. Even if this would relieve the defendant, which we do not decide, considering all the facts in the case, a rehearing has been granted, and the judgment of the lower court in the case cited still stands unreversed.

But there is one part of the judgment appealed from which is manifestly void, and that is the portion ordering the retention of the defendant in custody until he pay the fine of nineteen thousand dollars. The court had no legal right to impose that part of the sentence, and to that extent the judgment must be modified. (*In re Rosenheim*, 83 Cal. 388; *In re Collins*, 23 Pac. Rep. 374.)

We perceive no further prejudicial error, but for these reasons we advise that the judgment stand so far as the imposition of imprisonment in the county jail for one year is concerned, and that the order refusing a new trial be affirmed, but that the judgment be so modified as that the defendant be released from custody on the expiration of the one-year term of imprisonment in the county jail.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order denying a new trial is affirmed; the court below is instructed to modify the judgment by striking out that part thereof which provides that, in default of the payment of the fine imposed, the defendant "be imprisoned in the county jail until said fine be satisfied, at the rate of one day for each one dollar of said fine, such imprisonment, in default of said fine, or the payment of any portion thereof, to commence at the expiration of the one-year imprisonment therein first imposed and adjudged"; and the judgment in all other respects is affirmed.

Fox, J., dissented.

Rehearing denied.