[Crim. No. 439. In Bank.—March 28, 1899.]

THE PEOPLE, Appellant, v. TOM NOP, Respondent.

CRIMINAL LAW—VIOLATION OF FISH LAWS—JURISDICTION OF SUPERIOR COURT—MINIMUM PUNISHMENT.—Under section 636 of the Penal Code prescribing only a minimum punishment "by a fine of not less than one hundred dollars, or by imprisonment in the county jail not less than fifty days, or by both such fine and imprisonment," for violation of the fish laws, the punishment may be adjudged at anything not less than the minimum; and the superior court has jurisdiction of an information filed under that section.

ID.—CONSTRUCTION OF CODE—MAXIMUM PUNISHMENT NOT FIXED.—Section 636 of the Penal Code cannot be construed together with section 19 of the same code, as fixing a minimum punishment in the former section and a maximum punishment in the latter section. Section 19 of the Penal Code is to be construed as intended to

apply only to cases where some other punishment is not pre-
scribed by the code, and not to be joined and invoked with
some other section of the code which provides a penalty.

APPEAL from a judgment of the Superior Court of San
Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, and W. B. Anderson,
Deputy Attorney General, for Appellant.

W. A. Sloane, for Respondent.

GAROUTTE, J.—Defendant was charged by information un-
der section 636 of the Penal Code with a violation of the fish
laws. The superior court decided it had not jurisdiction to try
the offense charged, and the people have appealed from that de-
cision.

The punishment provided by the Penal Code for all parties
convicted of a violation of the provisions of said section 636 de-
termines the jurisdictional question here involved. If the punish-
ishment to be inflicted for a violation of the provisions of this
section may not exceed five hundred dollars' fine, or six months'
imprisonment in the county jail, then the offense is an ordinary
misdemeanor of which the superior court has no jurisdiction.
But if the fine may be greater than five hundred dollars, or the
imprisonment may be for a longer term than six months, then
the superior court has jurisdiction to try the case. The afore-
said section 636 within itself declares that a defendant guilty of
violating its provisions "is punishable by a fine of not less than
one hundred dollars, or by imprisonment in the county jail not
less than fifty days, or by both such fine and imprisonment."
By the penalty here provided it will be observed that the mini-
mum punishment only is fixed; yet such legislation is good and
there is no possible constitutional objection to it. Many in-,
stances are to be found throughout the Penal Code where the
maximum penalty only is fixed, and the penalty in the one case
is no more invalid than in the other. When the maximum only
is fixed, the punishment may be adjudged at any point not ex-
ceeding the maximum. When the minimum punishment only

is fixed, then the punishment may be adjudged at anything not less than the minimum. Testing the penalty provided by section 636, without regard to other statutes, it cannot be gainsaid but that a fine of one thousand dollars, or a judgment of imprisonment for one year in the county jail, would be a valid judgment and absolutely unassailable.

Is there any law limiting the scope and effect of the penalty provided by section 636? The defendant claims the existence of such a law and points to section 19 of the Penal Code. That section provides: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or both." When placed in the crucible this section wholly fails to meet the demands made upon it. It may be read as follows: "Except in cases where some other punishment is prescribed by this code," et cetera.. It is perfectly apparent that some other punishment is provided by section 636. Hence that section deals with certain cases not touched upon by section 19. Surely the punishment prescribed by section 636 is different from that prescribed by section 19. It is different in two most important particulars: 1. Under section 636 the punishment may be greater than six months' imprisonment, or five hundred dollars fine; and 2. Under section 636 the fine may not be less than one hundred dollars, or the imprisonment less than fifty days. Under section 19 the punishment may be one dollar fine, or one day's imprisonment. The difference in the punishments under the sections is apparent at a glance.

The contention is, that section 19 fixes the maximum punishment for convictions under section 636. By such contention we find that section 19 fixes the maximum punishment, and section 636 fixes the minimum punishment. This is a novel situation, for section 19, in all cases where it is applicable, directly fixes both maximum and minimum. In other words, it purports to deal with and fix the entire penalty and not simply a maximum. It was enacted to deal fully and completely with all cases coming within its purview; and not to be joined to and invoked with some other section of the Penal Code providing a penalty, in order that the true penalty for the conviction of any particular of-

fense should be ascertained from an inspection of both. It was intended to fully and completely deal with all cases coming within its scope. And such being its intent and purpose, it has no relationship with section 636. If section 19 had never been enacted, there would be no difficulty whatever in enforcing section 636 and administering punishments thereunder greater than a five hundred dollar fine, or a six months' imprisonment. In the absence of some kind of intimation by the law-making power that section 19 was purposed to limit the force and effect of section 636, we cannot so hold. (*Ex Parte Anear*, 114 Cal. 370.)

The judgment is reversed.

McFarland, J., Harrison, J., Temple, J., and Van Dyke, J., concurred.

HENSHAW, J., dissenting.—I dissent. The conclusion reached and declared by the prevailing opinion is that a person found guilty of violating section 636 of the Penal Code may be punished by a fine to any amount and by imprisonment for the term of his natural life. It is not questioned but that the legislature may impose so grievous a penalty for so slight an offense if it sees fit to do so, but in this day of humane penal laws a court should adopt such a construction only when clearly compelled to do so. It is pointed out that throughout the Penal Code many instances are to be found where the minimum penalty only is fixed, and that such legislation is good. Unquestionably, it is good. It is aided in the case of felonies by the provisions of section 671 of the same code, wherein it is prescribed: "Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed." In all cases amounting to felony, therefore, where the minimum punishment alone is fixed, resort is at once had to section 671 to determine what may be the maximum punishment. I insist that in the case of misdemeanors, where the minimum penalty alone

is prescribed, resort should in like manner be had to section 19 of
the Penal Code for the same purpose, and that in the case at bar,
section 636 prescribing as it does the minimum penalty alone,
reference should be had to section 19 of the Penal Code to de-
termine the maximum penalty that may be imposed for the of-
fense. "Except in cases where a different punishment is pre-
scribed by this code," says section 19, "every offense declared to
be a misdemeanor is punishable by imprisonment in the county
jail not exceeding six months, or by a fine not exceeding five
hundred dollars, or by both." The offense, under section 636,
is expressly declared to be a misdemeanor, and by the same sec-
tion the minimum punishment for the offense is designated. It
is to my mind both just and natural to conclude that the legis-
lature in such a case designed that the maximum penalty should
be that laid down in section 19, rather than to ignore this plain
provision and to say that in this latter part of the nineteenth
century of the Christian era a man for illegally casting his net
in the stream may forfeit all his property and be imprisoned in
a common jail for the term of his natural life.

Beatty, C. J., concurred in the dissenting opinion.