[Crim. No. 972.   Department One.—May 20, 1903.]

THE PEOPLE, Respondent, v. PAUL HAAGEN, Appellant.

CRIMINAL LAW—VIOLATION OF FISHING LAW—PENALTY—CONSTRUCTION
OF PENAL CODE—JURISDICTION OF SUPERIOR COURT—CASE AFFIRMED.
—The superior court has jurisdiction of a criminal prosecution for
the violation of section 634 of the Penal Code in regard to the pos-
session and sale of fresh salmon between the tenth of September
and the sixteenth of October of a specified year.   That section fixes
no maximum limit of penalty for the offense; and its construction
is not affected by section 19 of the Penal Code.   The case of *People*
v. *Tom Nop,* 124 Cal. 150, affirmed and applied.

ID.—DEFECT IN INFORMATION—OMISSION OF WORD.—The omission of the
word "did" before the verbs "have" and "sell" in the informa-
tion, thereby making those verbs in the wrong tense, is a mere defect
in matter of form, not tending to the prejudice of a substantial
right of defendant upon the merits, and is not ground of reversal.

ID.—DATE OF CATCHING OF FISH—REJECTION OF EVIDENCE—CASE AF-
FIRMED.—Where the charge is to the effect that on the eleventh day
of September, being the first day of the prohibited season, the de-
fendant unlawfully had in his possession and sold fresh salmon, it
was not error to refuse evidence that the fish were caught prior to
that date.   The case of *Ex parte Maier,* 103 Cal. 476,[1] affirmed and
applied.

APPEAL from a judgment of the Superior Court of Santa
Clara County.   W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

John E. Richards, for Appellant.

U. S. Webb, Attorney-General, George A. Sturtevant, Dep-
uty Attorney-General, and James H. Campbell, District At-
torney, for Appellant.

William Hoff Cook, *Amicus Curiæ.*

SHAW, J.—This is an appeal by the defendant from a
judgment of the superior court convicting him of the offense
of violating section 634 of the Penal Code, declaring it un-
lawful for any person, between the 10th of September and the

[1] 42 Am. St. Rep. 129, and note.

16th of October of each year, to have in his possession, or to sell, any fresh salmon.

1. It is urged that the superior court has no jurisdiction of the offense. The punishment provided for the offense is a fine of not less than two hundred dollars, or imprisonment in the county jail not less than one hundred and fifty days, or both. There is no maximum limit provided for either the fine or imprisonment. Section 19 of the Penal Code provides: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both." ·It is claimed that this section must be read into section 634, and that the two taken together provide a limit to the maximum fine or imprisonment prescribed for the offense here charged, thus fixing a punishment which lodges jurisdiction in the justice's court. This precise question, with relation to section 636, which was in all respects similar as to the punishment, except that the minimum fine was one hundred dollars and the minimum imprisonment fifty days, was before the court in Bank, in *People* v. *Tom Nop*, 124 Cal. 150, and was there decided contrary to the appellant's contention. Upon the authority of that case, we must hold the proposition to be without merit.

2. The defendant also claims that the information does not state a public offense. The charging part of the information is, that the defendant "on the eleventh day of September, 1901, at the county and state aforesaid, willfully and unlawfully *have* in his possession and *sell* a certain quantity of fresh salmon, contrary," etc. It will be observed that the verbs "have" and "sell" in the foregoing clause are not in the proper tense; that the word "did" is omitted, or that the words should be "had" and "sold," respectively. We do not think there is any merit in this contention. No information is insufficient by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon the merits. (Pen. Code, sec. 960.) Upon appeal this court must give judgment without regard to technical errors or defects "which do not affect the substantial rights of the parties." (Pen. Code, sec. 1258.)

No error or mistake in any pleading renders it invalid unless it has "actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right." (Pen. Code, sec. 1404.) We cannot see from the record that there was any difficulty on the part of any party concerned in the trial in ascertaining from the information precisely the nature and character of the offense charged, nor can we perceive how the defendant could have been prejudiced by the defect in the information in respect to any substantial right, or any right.

3. The further contention was made that the court erred in refusing to allow the defendant to offer evidence to show that the fish in question were caught prior to the eleventh day of September, 1901. It will be noted that the charge, in effect, was, that he had in his possession and sold the fish in question on the eleventh day of September, which was the first day of the season provided by the statute. The claim of the defendant is, that if the fish were caught prior to the close season they became articles of merchandise and the property of the person taking them, and hence that the legislature did not have the power to prohibit the sale of such merchandise, and could not restrict the right to possess the same. It is also claimed that such a statute, if applied to fish caught or bought before the close season begins, is unjust and unreasonable. These questions were all thoroughly considered in *Ex parte Maier*, 103 Cal. 476.[1] In that case it was claimed that the fact that the game in question had been purchased in the state of Texas and brought into this state made it an article of merchandise, the possession of which the legislature could not forbid. The court, however, held the contrary, and that case must be taken as decisive of the question.

We find no error in the record; and it is therefore ordered that the judgment be affirmed.

Angellotti, J., and Van Dyke, J., concurred.

. Hearing in Bank denied.

---

[1] 42 Am. St. Rep. 129, and note.