[Crim. No. 98.     Second Appellate District.—July 18, 1908.]

In Re J. L. HALLAWELL, on Habeas Corpus.

HABEAS CORPUS—VIOLATION OF ACT REGULATING POISONS—SALE OF OPIUM WITHOUT PRESCRIPTION.—A defendant convicted of violating section 8 of the act of March 6, 1907 (Stats. 1907, p. 124), "to regulate the sale of poisons in the state of California, and providing a penalty for the violation thereof," which section prohibits the sale of opium or its compounds, "unless upon the prescription of a physician, dentist or veterinary surgeon, except preparations of opium containing less than two grains of opium to the fluid ounce," cannot be released upon *habeas corpus*, on the ground of the unconstitutionality of the act.

ID.—REGULATION OF OPIUM—CONSTITUTIONAL LAW—POLICE POWER.— Opium and its compounds and preparations are recognized as medicinal drugs of a poisonous nature, the use of which often tends to moral, mental and physical destruction. Its sale and disposition is a proper subject of legislation under the police power, even to the extent of absolutely prohibiting the sale and disposal thereof; and the governing power may impose such restrictions upon the sale or distribution thereof as it pleases.

ID.—SEPARABLE PROVISIONS OF ACT—DELEGATING POWER TO STATE BOARD OF PHARMACY.—The delegation of power to the state board of pharmacy under sections 3 and 4 of the act, whether valid or not, is wholly separable from the offense prescribed in section 8

of the act, and which is to be punished under section 7 thereof, and cannot affect those provisions, and sections 3 and 4 may be rejected so far as the rights of petitioner for the writ of *habeas corpus* are concerned.

ID.—EFFECT OF SECTION 7—MINIMUM PUNISHMENT—MAXIMUM NOT FIXED—EXCESSIVE FINES—PRESUMPTION.—Section 7 of the act cannot be deemed unconstitutional, as imposing excessive fines in terms; and it cannot be presumed from the mere fact that a minimum penalty is fixed, without imposing any maximum, that the court, in case of a conviction, will violate the constitution by inflicting a penalty wholly disproportionate to the offense charged.

PETITION for writ of *habeas corpus* to the Sheriff of San Diego County.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Petitioner.

Lewis R. Kirby, District Attorney, H. S. Utley, Assistant District Attorney, and Wright, Schoonover & Winnek, for Respondent.

SHAW, J.—It appears that petitioner is committed to jail under an information filed by the district attorney of San Diego county charging him with the crime of selling a preparation of opium, the purchaser thereof not having a prescription therefor as required by section 8 of "An Act to regulate the sale of poisons in the State of California and providing a penalty for the violation thereof," approved March 6, 1907.   (Stats. 1907, p. 124.)

Petitioner contends that said act is unconstitutional, and hence the sale of the opium compound could not constitute a public offense.   Section 8 of the act in question provides: "The sale of morphine, codeine heroin, opium and cocaine, their salts, compounds or preparations is hereby prohibited, unless upon the prescription of a physician, dentist, or veterinary surgeon, licensed to practice in this state, except preparations of opium containing less than two grains of opium to the fluid ounce."   The act does not purport to prohibit, but, as indicated in its title, regulates the sale of the medical drugs specified therein by requiring the seller to comply with certain conditions deemed necessary for the pro-

tection of the public safety and welfare. Opium and its compounds and preparations are recognized as medicinal drugs of a poisonous nature, the use of which often tends to moral, mental and physical destruction. Its sale and disposition, therefore, is a proper subject of legislation under the police power of the state, even to the extent of absolutely prohibiting the sale and disposal thereof. (Cal. Const., art. XI, sec. 11; *Ex parte Yung Jon,* 28 Fed. 308; *State* v. *Ah Chew,* 16 Nev. 50, [40 Am. Rep. 488]; Freund on Police Power, sec. 93; *Ex parte Hong Shen,* 98 Cal. 682, [33 Pac. 799].) Having the power to prohibit the disposal of such drugs altogether, the governing power may impose such restrictions upon the sale or distribution thereof as it pleases. (*Ex parte Christensen,* 85 Cal. 208, [24 Pac. 747]; *Ex parte Murphy* (Cal. App.), 97 Pac. 199.)

By section 3 of the act it is provided that the board of pharmacy of the state of California shall have the power to revise and amend the list of antidotes from time to time, as to them may seem advisable; and, by section 4, that, "When in the opinion of the State Board of Pharmacy, it is in the interest of the public health, they are hereby empowered to further restrict, or prohibit the retail sale of any poisons by rules, not inconsistent with the provisions of this Act, by them to be adopted." Petitioner contends that this delegation of power to the state board being void vitiates the entire act. Conceding said provisions to be void for the reasons assigned, and as to which we express no opinion, it is also true that "nothing is better settled than that if the part of a law or ordinance which is invalid is distinctly separable from the remainder, the latter can stand and the former be rejected." (*Ex parte Christensen,* 85 Cal. 208, [24 Pac. 747]; *City of San Luis Obispo* v. *Pettit,* 87 Cal. 499, [25 Pac. 694].) The part of the law here attacked as being a delegation of legislative authority is clearly separable from section 8 of the act, and may, therefore, be rejected, so far as petitioner's rights are concerned.

Section 7 of the act fixes the punishment for a violation thereof by a fine of not less than $30, or by imprisonment for not less than fifteen days, or by both fine and imprisonment. By reason of the fact that no maximum punishment is specified, petitioner contends that excessive fines may be imposed,

contrary to section 6 of article I of the constitution of California. As the act itself does not provide for the imposition of excessive fines, it is not obnoxious to the constitution on that account. And we cannot assume the court will do violence to the constitutional provisions invoked (applicable alike to both the legislative and judicial departments. Tucker's Constitution of the United States, vol. II, p. .686) by inflicting a penalty, in case of conviction, wholly disproportionate to the offense charged. As bearing upon the question, see *State* v. *Williams,* 77 Mo. 310; *People* v. *Tom Nop,* 124 Cal. 150, [56 Pac. 786]; *People* v. *Haagen,* 139 Cal. 115, [72 Pac. 836]. ·

An examination of other points urged as grounds for entertaining petitioner's application discloses no merit.

The application is denied.

Allen, P. J., and Taggart, J., concurred.