[Crim. No. 338. Third Appellate District.—May 23, 1916.]

## THE PEOPLE, Respondent, v. A. J. ANDERSON, Appellant.

CRIMINAL LAW—VIOLATION OF FISH LAW—JURISDICTION OF SUPERIOR COURT—CONSTRUCTION OF CODE AMENDMENT OF 1915.—Under the amendment of 1915 to section 636 of the Penal Code, (Stats. 1915, p. 606), the superior court has jurisdiction of the offenses defined in the various subdivisions of said section relating to the protection of fish, notwithstanding such subdivisions make a violation of the provisions a misdemeanor without specifying the penalty, as section 2 of such code section, which provides a punishment for the violation of

any of the provisions of the section, has reference to all of said subdivisions, and is not confined to the violation of the provisions of said section 2.

ID.—CATCHING FISH BY NET—INFORMATION—SUFFICIENCY OF.—It is not necessary in charging a defendant with unlawfully using a net for the purpose of taking fish in violation of subdivision 7 of section 636 of the Penal Code, that the information should state that the defendant was not one of the persons coming within the exception provided by subdivisions 10 and 12 of such section.

ID.—PLACE OF CASTING NET—SUFFICIENCY OF INFORMATION.—In such a case it is not necessary that the information should allege that the defendant was using a net for the purpose of catching fish "in the *waters* of the state," where the charge is in the language of the statute, and it is further alleged that the net was cast for such purpose "at the extreme end of and *within* Fly's Bay in the County of Napa."

ID.—PUNISHMENT.—A sentence upon conviction of such an offense to pay a fine of five hundred dollars, and, in default thereof, to be imprisoned in the county jail at the rate of one day for each two dollars of the fine is not excessive.

APPEAL from a judgment of the Superior Court of Napa County, and from an order denying a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Phillip B. Lynch, Frank M. Silva, and W. H. Morrissey, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—Defendant was informed against by the district attorney of Napa County for the crime of violating the fishing laws of the state and was convicted of the crime charged. He moved for a new trial, which being denied, he was sentenced to pay a fine of five hundred dollars, and, in default thereof, to be imprisoned in the county jail at the rate of one day for each two dollars of said fine. He appeals from the judgment and order denying his motion for a new trial.

The charge was laid under subdivision 7 of section 636 of the Penal Code, the charging part of the information being as follows: "Did willfully and unlawfully cast, extend and use a net for the purpose of taking fish at and within Fish

and Game District No. Two (2) of the State of California, to wit: at the extreme northern end of and within Fly's Bay, in the County of Napa, State of California," etc. Subdivision 7 of said section of the Penal Code reads as follows: "Every person who, in fish and game districts numbers one, two, three, four, fourteen, twenty, twenty-three, twenty-four, twenty-five, twenty-six, twenty-seven, twenty-eight and twenty-nine, shall cast, extend or use, or who shall assist in casting, extending or using any net for the purpose of taking fish, mollusks or crustaceans is guilty of a misdemeanor."

1. Defendant contends that the judgment should be reversed for want of jurisdiction, the contention being that the jurisdiction is in the justice's court, under section 19 of the Penal Code, for the reason that subdivision 7, *supra,* makes a violation of said subdivision a misdemeanor without specifying the penalty, in which case section 19 governs. It is further contended that, to hold that the superior court has jurisdiction, "it would be necessary to construe section 2 that follows subdivision 12 of section 636 as a part of section 636." Section 2, which follows subdivision 12 of section 636 of the Penal Code, reads: "Every person violating any of the provisions of this section shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars, or by imprisonment in the county jail in the county in which conviction shall be had, not less than fifty days or by both such fine and imprisonment. . . . "

The supreme court, in *People* v. *Tom Nop,* 124 Cal. 150, [56 Pac. 786], held that, under section 636 of the Penal Code, prescribing only a minimum punishment "by a fine of not less than one hundred dollars, or by imprisonment in the county jail not less than fifty days, or by both such fine and imprisonment," for violation of the fish laws, the superior court had jurisdiction. (See *People* v. *Haagen,* 139 Cal. 115, [72 Pac. 836]; *People* v. *Palermo Land etc. Co.,* 4 Cal. App. 717, 721, [89 Pac. 723, 725].) We are only to determine the office of what is designated as "Sec. 2" of the act of May 19, 1915 (Stats. 1915, p. 606), and whether as a part of that act it refers to the preceding subdivisions.

Turning to the statute, we find it entitled: "An act to amend section six hundred thirty-six of the Penal Code of the State of California, relating to the protection of fish." Following the enacting clause the statute reads: "Section 1.

Section six hundred thirty-six of the Penal Code of the State of California is hereby amended to read as follows: 636. 1. Every person," etc.   Then follow 12 subdivisions describing the different forms of violation which by each subdivision are made misdemeanors.   Following subdivision 12 is found: "Sec. 2.   Every person," etc., *supra.*   The act purports to amend section 636 of the Penal Code and so declares in what is designated as "Section 1" of the act.   It seems to us that, in the so-called "Sec. 2," where it is stated: "Every person violating any of the provisions of this section," etc., reference here is intended to be to section 636, the section being amended, and not to "Sec. 2" itself.   There are no "provisions" mentioned in "Sec. 2" of which there may be violations.   Manifestly, the direction as to payment into the state treasury to the credit of the fish and game preservation fund "for any violation of any of the provisions of this section" refers to section 636, the subject of the Amendatory Act, and does not refer to this "Sec. 2," and unless it refers to section 636, i. e., to all the subdivisions of that section, no authority is given to make disposition of the fines and forfeitures therein mentioned.   We must give effect to this provision of the statute if it can reasonably be done.   The effect we have given seems reasonable to us and no other is possible.   Indeed, the paragraph has no meaning at all, and serves no purpose whatever unless it can be given the force we have attached to it.

2. It is further contended that the "information does not state that any public offense was committed."   The grounds for this contention are: That there is no mention in the information that defendant is not one of the persons coming within the exceptions provided by subdivisions 10 and 12 of section 636 of the Penal Code.   Subdivision 10 provides that the fish and game commission may recover fish from overflowed areas isolated by receding waters; and subdivision 12 authorizes the commission to take fish by nets or traps for scientific purposes.   It is claimed "that the information, to have stated a public offense, should have charged defendant with taking, extending, or using a net for the purpose of taking fish, etc., from the *waters* of some prohibited part of the state.   Yes, and the information would have to go further and show that the person taking fish from the *waters* by a

net, or otherwise, was no one of the excepted classes mentioned in subdivisions 10 and 12.''

The rule as to the necessity to show in the information that the accused does not come within an excepted class is very clearly stated in *Ex parte Hornef*, 154 Cal. 355, 360, [97 Pac. 891], as follows: ''The question is whether the exception is so incorporated with, and becomes a part of the enactment, as to constitute a part of the definition, or description of the offense; for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. It is the nature of the exception and not its location which determines the question. Neither does the question depend upon any distinction between the words 'provided' or 'except' as they may be used in the statute. In this case, the only inquiry arises, whether the matter excepted, or that which is contained in the proviso, is so incorporated with, as to become, in the manner above stated, a part of the enacting clause. If it is so incorporated it shall be negatived, otherwise it is a matter of defense.'' It was further said in the opinion that ''such exceptions and provisos were to be negatived in the pleading only where they are descriptive of the offense or define it, and that where they afford matter of excuse merely, they are to be relied on in defense.'' (Citing cases.) We think it was not necessary in the present case to allege that defendant was not a member of the fish and game commission.

Nor is there merit in the claim that the information is fatally defective because it fails to allege that defendant was using a net for the purpose of taking fish ''in the *waters* of the state.'' The statute forbids the casting, extending, or using ''any net for the purpose of taking fish,'' and the information is in the language of the statute, and it further states that the net was cast for such purpose ''at the extreme end of and *within* Fly's Bay in the County of Napa.'' This, we think, was sufficient. A ''bay'' is defined as ''an expanse of water between two capes or head lands.'' The place of casting the net is definitely stated as within a certain fish and game district and within a bay definitely referred to within Napa County. To allege that a net was cast in a certain bay for the purpose of taking fish implies that it was cast in waters. Fishermen do not cast their nets on land for the purpose of taking fish.

3. The court gave the following instructions: "The defendant is accused by information in this case . . . with violating the fish and game laws of the State of California as in said information set forth. . . . I instruct you that if you believe from the evidence beyond a reasonable doubt that the defendant cast, extended and used a net in the waters of Fly's Bay in Napa county as charged in the information, you must render a verdict of guilty, even that (though?) the evidence may be circumstantial or partially circumstantial." The point urged is that the second instruction is inconsistent with the first, in that the first refers to the information, and says nothing about waters, while the second instruction mentions the waters of Fly's Bay. There is no inconsistency apparent. In effect, the information charged the casting of a net in waters for the reason that a bay is composed of water. The second instruction made the fact charged more definite but cannot be said to have been inconsistent in any sense prejudicial to defendant.

4. The claim that the fine imposed was violative of the constitution of this state and of the United States as excessive is without merit. We do not think it can be said that the punishment was of such character as to be denominated "cruel or unusual" as contemplated by section 6, article I, of the constitution. (*People* v. *Oppenheimer*, 156 Cal. 733, [106 Pac. 74]; *In re O'Shea*, 11 Cal. App. 568, [105 Pac. 776].)

The judgment and order are affirmed.

Hart, J., and Ellison, J., *pro tem.*, concurred.