[Crim. No. 1530.   Third Appellate District.—September 2, 1936.]

In the Matter of A. P. ZADRO on Habeas Corpus.

King & King for Petitioner.

U. S. Webb, Attorney-General, Ralph H. Cowing, Deputy Attorney-General, Mervin C. Lernhart and Sheldon Rutherford for Respondent.

THE COURT, per PLUMMER, J.—In looking over the indictment I find that there are fourteen different counts. What the trial court will do in thirteen of those counts is

immaterial for our consideration; count fourteen charges conspiracy to commit a crime.

. Section 182 of the Penal Code provides that a conspiracy to commit a crime is punishable and it states certain specifications of what are punishable:

Specification 1 reads as follows: "To commit any crime," which means conspiracy to commit a crime. The last paragraph of that section reads: "When they conspire to do any of the other acts described in this section they shall be punishable by imprisonment in the county jail or state penitentiary not exceeding two years, or by a fine not exceeding five thousand dollars, or both, and cases of such conspiracy may be prosecuted and tried in the superior court of any county in which any overt act tending to .effect such conspiracy shall be done."

The provisions of the section which I have not read relate to conspiracy to commit a felony and provides definite punishment and is not material for our consideration.

The last count of the indictment charges conspiracy to commit a crime. It becomes necessary then to determine whether a crime has been charged as committed; in other words, whether section 172 of the Penal Code is still a portion of the law of the state of California. ■ As stated in the beginning, the thirteen preceding counts in the indictment do not of course charge an offense which would be triable in the superior court (*People* v. *Rose,* 63 Cal. App. 762 [219 Pac. 1043]), but as count fourteen goes on and charges a definite offense and does not relate to the thirteen preceding counts, it may stand alone.

■ Section 172 of the Penal Code prohibits the sale of liquor within certain distances of institutions therein named, including the Veterans' Home at Yountville. We have carefully read the Liquor Control Act. It was before this court in some cases which we had to consider. (*Ireland* v. *Riley,* 11 Cal. App. (2d) 70 [52 Pac. (2d) 1021].) It befell upon me to look into the Liquor Control Act and I carefully read all the provisions of section 69 relating to the repeal of certain acts of the legislature. I found then, and as I reviewed it later, a number of acts are specifically mentioned. Section 172 of the Penal Code is not mentioned. The result logically follows, and it is a rule of law which we must follow in our decisions that when the legislature repeals

certain acts and excludes mention of other acts even though they refer to the same subject, it is the intention of the legislature to leave standing those acts which are not mentioned.

In addition to this we may look into the record of the legislature to determine its intention, its purpose, in enacting the Liquor Control Act and especially section 69. The record shows that that act originally contained a provision repealing section 172, but the legislature upon further consideration especially provided that that portion of the act be stricken out, which means of course the legislature intended to leave section 172 standing, as being sufficient to cover all of the subject-matter therein mentioned. We must consider that as the intention of the legislature.

Another subject which presents itself for consideration is whenever two acts cover the same question and one of the acts is repealed, what is the conclusion to be drawn from the act of the legislature? This, that the act left standing and not repealed is considered by the legislature sufficient to cover the subject-matter therein legislated upon, not that the act therein unmentioned is repealed. Acts are not necessarily supplemental or additional, even if both are word for word the same and cover the entire subject-matter completely. The repeal of one act would not be the repeal of the other act unless there is a direct conflict that we must hold the unmentioned act repealed by implication, otherwise we must follow the logical conclusion that the legislature intended that one act covered the subject sufficiently and the other might be removed from the statute books.

It follows from what has been said that the indictment in count fourteen does contain sufficient to give the superior court jurisdiction of the conspiracy therein charged.

The writ will be denied and the petitioner remanded.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936, and the following opinion then rendered thereon:

THE COURT.—In denying a petition for hearing in this case, after decision by the District Court of Appeal, Third Appellate District, we withhold approval of the statement

in the opinion that the first thirteen counts are not triable in the superior court. If, in fact, the justice's court where the offense was committed is a class B justice's court, then, under the authority of *People* v. *Tom Nop*, 124 Cal. 150 [56 Pac. 786], jurisdiction would be in the superior court.