[Crim. No. 1552.  Third Appellate District.—April 12, 1937.]

THE PEOPLE, Respondent, v. A. P. ZADRO, Appellant.

Percy E. King and King & King for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant was convicted in the Superior Court of Napa County upon seven of thirteen counts

in an indictment charging violations of section 172 of the Penal Code, which makes it a crime to sell or expose for sale alcoholic liquors within one and one-half miles of the Veterans' Home at Yountville, in said county. From the order denying his motion for a new trial, and the judgment entered upon the verdict of the jury, the defendant appeals.

Two grounds are alleged for reversal: 1st. That a justice of the peace of Napa township dismissed a complaint filed therein, charging the defendant with the commission of a crime under section 172, *supra*, being the same offense charged in the indictment upon which the defendant was tried and convicted; 2d. That section 172, *supra*, was repealed by the Alcoholic Beverage Control Act, Statutes of 1935, page 1123, section 69.

Under the provisions of section 81 of the Code of Civil Procedure a reference to the last federal census shows the population of Napa township to be 14,056. The same section classifies justices' courts into "Class A" and "Class B", class A being justices' courts in townships or cities having a population of not less than 30,000. All justices' courts and townships having a population of less than 30,000 are designated as belonging to class B.

By section 1425 of the Penal Code the jurisdiction of class B justices' courts is confined to misdemeanors punishable by a fine not exceeding $1,000, or imprisonment not exceeding six months, or by both such fine and imprisonment.

Section 172, *supra*, fixes only the minimum punishment for violation of the provisions therein contained, which takes this cause out of the jurisdiction of class B justices' courts.

By the provisions of section 5 of article VI of the Constitution, the superior court is given original jurisdiction in all cases of misdemeanors not otherwise provided for. Not being otherwise provided for, the offenses charged against the defendant in this cause were triable in the superior court.

The contention of the appellant that the dismissal order of the justice's court is a bar to this action does not appear to be well taken. It appears from the record that no trial was really had in the justice's court; that upon the call of the case the justice, presuming to act under section 1385 of the Penal Code, dismissed the action on the ground that the acts complained of did not constitute a public offense. This order cannot be sustained by anything contained in section 1387 of

the Penal Code, upon which the appellant relies as a bar. The very first sentence of that section shows the weakness of the appellant's contention; we quote therefrom: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor", etc. To understand this language requires a reference to the causes given as authorizing a dismissal. These causes are set forth in section 1382 of the Penal Code. Three causes are there given: 1st. "When a person has been held to answer and no information is filed against him within fifteen days; 2nd. If a defendant whose trial has not been postponed upon his application, is not brought to trial within sixty days after filing the indictment or information; 3rd. If a defendant in a misdemeanor case in the justice's court, whose trial has not been postponed upon his application, is not brought to trial within thirty days after the defendant is arrested and brought within the jurisdiction of the court." Any other reasons assigned by the justices' courts, if the justice's court had jurisdiction, would, of course, be outside of the provisions of section 1382, *supra*.

It is clear that the Justice's Court of Napa Township had no jurisdiction to try the appellant for the offenses charged, but only to conduct, if at all, a preliminary examination.

The appellant's plea of "once in jeopardy" is so completely answered in the case of *People* v. *Hrjak*, 85 Cal. App. 301, [259 Pac. 353], where the defendant had been discharged by a justice of the peace upon preliminary examination, that we quote therefrom as follows: "Appellant refers to section 1387 of the Penal Code, and upon it bases a claim that because the Justice of the Peace of Temescal Township made the order above quoted, no further prosecution for the same offense can be maintained. This section has no application to the instant case, It reads: 'An order for the dismissal of an action, *as provided in this chapter,* is a bar to any other prosecution for the same offense, if it is a misdemeanor,' etc. The language is too plain to be mistaken. It limits the application of the section to those orders for dismissal provided in Chapter VIII of Title X of the Penal Code. Such orders are those enumerated in section 1382 of that Code, and both subdivisions 1 and 2 thereof refer to cases where a person has been held for a public offense. In subdivision 1 it is provided that an action must be dismissed if an indict-

ment is not found or information filed within thirty days after the defendant has been held to answer; and in subdivision 2 it is provided that where a defendant is not brought to trial within sixty days after the finding of an indictment or filing of an information, and a trial has not been postponed upon his own application, the prosecution must be dismissed. These are the only orders for dismissal to which section 1387 applies." (See, also, the cases of *People* v. *Tom Nop*, 124 Cal. 150 [56 Pac. 786]; *People* v. *Haagen*, 139 Cal. 115 [72 Pac. 836]; *People* v. *Anderson*, 30 Cal. App. 542 [159 Pac. 211].)

█ That section 172, *supra*, was not repealed by the Alcoholic Beverage Control Act has been twice decided, once by this court in *In re Zadro*, 16 Cal. App. (2d) 398 [60 Pac. (2d) 577], and by the Supreme Court, 16 Cal. App. (2d) 400 [60 Pac. (2d) 986], in denying a petition for hearing, where the appellant made the identical contention that is here advanced.

A reference to section 69 of the Alcoholic Beverage Control Act, *supra*, reveals that section 172, *supra*, is not listed either among the acts of the legislature or sections of the codes repealed. Not being mentioned among the acts repealed, it follows, as we have heretofore said, that the legislature intended to leave standing and in full force and effect, section 172, *supra*. We further said, in consideration of the appellant's application to be discharged on a writ of *habeas corpus*, 16 Cal. App. (2d) 398 [60 Pac. (2d) 577], *supra*, that: "In addition to this we may look into the record of the legislature to determine its intention, its purpose, in enacting the Liquor Control Act, and especially, Section 69. The record shows that the Act originally contained a provision repealing Section 172, but that the legislature, upon further consideration, provided that that portion of the Act be stricken out, which means of course the legislature intended to leave Section 172 standing, as being sufficient to cover all of the subject matter mentioned therein."

We do not deem it necessary to discuss further the appellant's contention that section 172, *supra*, has been repealed, but are content to confine ourselves to the two decisions referred to holding that there has been no repeal, as contended by the appellant. We may add it is elementary that legal jeopardy does not arise where the court has no jurisdiction.

(1st Wharton Crim. Law, 12th ed., 560; *People* v. *Hamberg,* 84 Cal. 468 [24 Pac. 298].)

The order and judgment appealed from are affirmed.

Held, J., *pro tem.,* and Pullen, P. J., concurred.