## STATE v. HENRY CASAVANT.

*Larceny. Allegation and proof of ownership. Amendment.*

1. Where personal property is stolen from the possession of a railroad company, by whom it is being transported as baggage, the ownership is properly laid in such company.

2. The trial court may, under No. 86, Acts of 1882, allow an indictment for larceny to be amended on trial by changing the name of the person in whom the ownership is laid.

Indictment for the larceny of a trunk and contents. Trial by jury at the September term, 1891, Tyler, J., presiding. Verdict of guilty. Exceptions by respondent.

The opinion states the case.

*F. W. McGettrick*, for the respondent.

The ownership should have been alleged in Mrs. Gilson, the real owner. Otherwise the respondent may be again prosecuted

for the same offence.    2 Rus. Cr. 739 and 795 ; 1 Whar. Am.
Crim. Law, 595.

*A. K. Brown*, State's Attorney, for the State.

The opinion of the court was delivered by

TAFT, J.   The property stolen belonged to Mrs. Gilson,
living in New Hampshire, to whom it had been assigned as part
of an estate at Malone, N. Y.   Lincoln E. Spaulding, who had
held the property as administrator, was taking it to Mrs. Gilson,
he going as a passenger, and it as baggage, on a train of the
Central Vermont Railroad Company.   It was in the company's
possession, at its station in St. Albans, when stolen.   In the in-
dictment as presented, the ownership of the property alleged to
have been stolen was laid in said Spaulding.    It was amended
by striking out his name and inserting in lieu of it, that of the
railroad company.

1.   The respondent insists that the ownership of the prop-
erty should have been alleged in Mrs. Gilson, arguing that in
this way only could a conviction under the indictment be a bar to
a subsequent prosecution alleging the ownership to be in her.
We are not inclined to adopt this view of the law, and shall not,
until the court so decide, but shall assume otherwise.   Under our
statute, R. L. s. 1707, it is provided that in the prosecution of an
offence committed in stealing personal estate, it shall be sufficient
and not a variance, if it is proved on trial that at the time the
offence was committed the actual possession of the property was
in the person alleged in the indictment to be the owner thereof.
The Central Vermont Railroad Company having the actual pos-
session of the property, it was no variance when it appeared, that
Mrs. Gilson owned the property, provided the amendment was
properly made.

2.   Did the court err in permitting the amendment?   The
statute, Acts 1882, No. 86, provides that when a variance ap-
pears between the averments, and evidence offered in proof, in

the name of any person alleged to be the owner of any property which forms the subject of the offense charged, etc., the court if it considers such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defence upon such merits, may order the indictment amended according to the proof. It is argued that no amendment was proper, by which the person would be changed, but only such as was descriptive of the person alleged to be the owner. The gist of the offence of larceny is the felonious taking of property ; as constituting the offence, it is immaterial who the owner may be; he may be unknown ; the property may be taken from a repository containing that of many persons ; errors in the names of persons, and in the persons, of the owners, may frequently occur, and to obviate such difficulties no doubt occasioned the statute, and we see no objection under it to an amendment changing the person alleged to be the owner. The rights of the respondent are properly guarded by that part of the act, permitting it only in case the court consider the variance not material of the case and the respondent not prejudiced in his defence upon such merits. The respondent does not claim that the court improperly exercised its discretion, nor that he was in fact injured upon trial by such amendment, but that as matter of law the court had no power to make it. The action of the court was fully warranted by the statute.

*Exceptions overruled, judgment of guilty upon the verdict and sentence thereon and execution thereof ordered.*