[No. 17001.  Department Two.  August 31, 1922.]

THE STATE OF WASHINGTON, *Appellant,* v. JOSEPH WOLPERS, *Respondent.*[1]

CRIMINAL LAW (54) — FORMER JEOPARDY—DISMISSAL—RELIANCE ON DIFFERENT DATES. A charge of rape committed May 1st is subject to a plea of former jeopardy and barred, where the accused had been acquitted of an offense charged on May 8, in which there was evidence of prior acts with the same prosecutrix for a long period and the jury had been instructed that it was not necessary to prove an offense on the exact date, but only an act of intercourse committed on or about May 8th.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered November 14,

[1]Reported in 208 Pac. 1094.

1921, upon sustaining a plea of former jeopardy, dismissing a prosecution for rape. Affirmed.

*William C. Meyer* and *Louis F. Bunge,* for appellant.
*John M. Gleeson* and *A. G. Gray,* for respondent.

PER CURIAM.—Defendant was charged with the crime of carnal knowledge of a female child, committed "on or about the 8th day of May, 1920." Upon this information he was tried, the jury returning a verdict of not guilty.

During the trial, many acts of intercourse were testified to, continuing over a period of approximately a year and a half, up to May 8, 1920. The prosecution in that case stated, referring to May 8, 1920, that it "relied upon that date for the specific act." The court instructed the jury that "it is not necessary that the state prove that the offense was committed on the exact date alleged in the information, but it need only prove that the particular act charged was committed *at or about the time named in the information.*" In another instruction the court said: "Evidence was permitted to be given by the state of acts of sexual intercourse between defendant and (the complaining witness) other than the act with which the defendant is charged in the information in this case. Such evidence was received, not to establish other acts of intercourse, but as tending to show the habit and conduct of the parties and as tending to corroborate the claim alleged in the information in this case." The court further instructed the jury: "Therefore, if the state has shown by the evidence in this case beyond a reasonable doubt that prior to the filing of the information in this case, and on or about May 8, 1920, in this county and state, the defendant had sexual intercourse" with the complaining

witness, it would be their duty to return a verdict accordingly.

After acquittal on this information, another information was filed charging the defendant with the crime of carnal knowledge of the same female child as alleged in the first information, on or about the 1st day of May, 1920. A plea of former jeopardy was interposed to this second information, which was sustained, and the state has appealed.

By the instructions in the first case, the jury were instructed to find from the evidence the defendant guilty or not guilty of an act committed on or about May 8, 1920; by the second information, the defendant was charged with the commission of the offense on or about May 1. "About" is an all-embracing word and covers a great extent of time, and when the jury were told they might consider an offense committed on or about May 8, they were, in effect, told they might consider an offense committed on or about May 1, and the jury, having acquitted the defendant of the crime alleged as of "about May 8," must necessarily have acquitted him of one committed on or about May 1. This court has already, in the case of *State v. Dye*, 81 Wash. 388, 142 Pac. 873, decided the question here involved.

The trial court was correct in sustaining the plea of former jeopardy, and its judgment is affirmed.