STATE, RESPONDENT, *v.* TERRY, APPELLANT.

(No. 5,989.)

(Submitted October 18, 1926. Decided October 29, 1926.)

[250 Pac. 612.]

*Intoxicating Liquor—Information—Time of Commission of Offense—Amendment During Trial—Power of Court—Statute —Constitution.*

Criminal Law—Information—Amendment During Trial—Power of Court —Statute—Constitutionality.
    1. Power to grant permission to the county attorney in a prosecution under the liquor law to amend the information at the close of the state's case by changing the date on which the offense was charged to have been committed is conferred by section 11870 of the Revised Codes of 1921, and said section is not . open to constitutional objection.

Intoxicating Liquor—Information—Time of Commission of Offense— Amendment Permissible.
    2. Under the prohibitory Act it is a public offense to possess liquor unlawfully at any time, hence time is not an ingredient of the offense within the meaning of section 11848 of the Revised Codes, providing that the precise time at which it was committed need not be stated in the information, it being sufficient if it is alleged that its commission occurred at any time before filing thereof, except where the time is a material ingredient in the offense.

---

[1] Indictments and Information, 31 **C. J.**, sec. 424, p. 827, n. 98; sec. 425, p. 827, n. 8; sec. 434, p. 831, n. 86.
[2] Indictments and Information, 31 **C. J.**, sec. 209, p. 681, n. 69, 70. Intoxicating Liquors, 33 **C. J.**, sec. 432, p. 718, n. 10.

1. Court's power to correct date of offense, see note in 7 **A. L. R.** 1531. Power to amend information, see note in 98 **Am. St. Rep.** 816. See, also, 14 **R. C. L.** 193.
2. See 14 **R. C. L.** 179.

[77 Mont. 297.]

*Appeal from District Court, Fergus County; John C. Huntoon, Judge.*

Robert Terry was convicted of the crime of unlawfully possessing intoxicating liquor, and he appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. W. T. McKeown* and *Mr. Frank W. Mettler,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* Assistant Attorney General, for the State.

MR. JUSTICE STARK delivered the opinion of the court.

The defendant was tried and convicted of the crime of unlawfully possessing intoxicating liquor. The information charged that the offense was committed "on or about April 10, 1925." At the close of the state's case the county attorney asked for, and, over defendant's objection, was granted, leave to amend the information by changing the above-quoted phrase to "on or about April 24, 1925." The defendant appealed from the judgment of conviction, and the only error alleged is the action of the court in permitting the foregoing amendment.

Power to grant such amendment is expressly conferred upon [1] the court by section 11870 of the Revised Codes of 1921, and the constitutionality of similar statutes has been upheld by the authorities generally. (*Knight* v. *State,* 64 Miss. 802, 2 South. 252; *People* v. *Johnson,* 104 N. Y. 213, 10 N. E. 690; *Shiflett* v. *Commonwealth,* 90 Va. 386, 18 S. E. 838; *State* v. *Blaisdell,* 49 N. H. 81; *State* v. *Hanks,* 39 La. Ann. 234, 1 South. 458; *State* v. *Casavant,* 64 Vt. 405, 23 Atl. 636; *State* v. *Tolla,* 72 N. J. L. 515, 62 Atl. 675.) Counsel for defendant have not cited any contrary holding.

Section 11848, Revised Codes of 1921, provides: ''The
[2]  precise time at which the offense was committed need not
be stated in the indictment or information, but it may be al-
leged to have been committed at any time before finding or
filing thereof, except where the time is a material ingredient
in the offense.''

Counsel argue that ''time is a material ingredient of the
offense'' of unlawfully possessing intoxicating liquor. That
this contention cannot be maintained is perfectly obvious.
Under the statute it is as much an offense to unlawfully possess
intoxicating liquor on one day of the year as on any other.

The appeal is without merit. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE
MATTHEWS concur.

JUSTICES HOLLOWAY and GALEN not sitting.