[Crim. No. 1514. Second Appellate District, Division Two.—September 1, 1927.]

THE PEOPLE, Respondent, v. GEORGE HRJAK, Appellant.

Joseph Seymour for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, J.—On February 10, 1927, a complaint was filed with the justice of the peace of Temescal township, in the county of Riverside, charging the appellant with having committed "the crime of misdemeanor, to wit, the unlawful manufacture of intoxicating liquor," in the city of Corona, Riverside County, on or about February 9, 1927. The jus-

tice of the peace thereupon issued a warrant for appellant's arrest, and on the same date he was apprehended, brought into the justice's court, pleaded not guilty, and his preliminary examination was had on February 15, 1927. After hearing the evidence the justice of the peace of Temescal township found "that there is not sufficient evidence upon which to hold the defendant, George Harjack, and it is ordered that the defendant be discharged," and appellant was released. On February 16, 1927, another complaint was filed with the justice of the peace of Riverside township, in said county, wherein appellant was charged with having manufactured intoxicating liquor in the county of Riverside on or about February 10, 1927. He was arrested, posted cash bail in the sum of five hundred dollars, and on March 10, 1927, a preliminary examination was held, and the last-mentioned justice of the peace made and entered an order reciting, in part, "that from the evidence presented it appears that the offense charged has been committed, and there is probable cause to believe that the defendant committed it. He will therefore be held for trial in the superior court of this county." Thereafter the case was tried before a jury in the superior court. The defendant's personal appearance was waived, evidence was introduced, and a verdict of guilty was returned, and judgment was entered accordingly. Appellant failing to appear his bail was forfeited, and a bench warrant was issued, during the deliberations of the jury. The defendant appealed from the verdict and judgment, and attacks various steps taken by both the justice's court of Riverside township and the superior court, but the principal ground requiring attention here, and which was strenuously urged at the second preliminary, and during the trial, is that of alleged former jeopardy. Stating the proposition in the appellant's own language as presented in his briefs, it is insisted "that the defendant had a hearing of the same identical charge, and was discharged, for insufficient evidence, and subsequently was re-arrested, tried and convicted of said identical charge," and that the superior court "denied the defendant's offer to prove that he had been once in jeopardy and that he had been acquitted."

We think to state the ground here urged for reversal is to furnish the obvious answer to it. ▪ To argue that one justice of the peace deemed the evidence insufficient to

304

warrant holding appellant for trial, and that another justice, upon the evidence before him, decided that appellant should be held for trial, amounts to no more and no less than an admission that he had not yet been tried, and consequently had not been once in jeopardy. This question was decided in *Ex parte Fenton,* 77 Cal. 183 [19 Pac. 267], wherein the supreme court said:

"The fact that the defendant had been previously arrested on the same charge, examined before a magistrate, and discharged, is not a bar to a second arrest and examination.

"A person cannot be said to have been *once in jeopardy* until he is put upon trial before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance." (Italics as quoted.)

█ Appellant refers to section 1387 of the Penal Code, and upon it bases a claim that because the justice of the peace of Temescal township made the order above quoted, no further prosecution for the same offense can be maintained. This section has no application to the instant case. It reads: "An order for the dismissal of an action, *as provided in this chapter,* is a bar to any other prosecution for the same offense, if it is a misdemeanor," etc. The language is too plain to be mistaken. It limits the application of the section to those orders for dismissal provided in chapter VIII of the title X of the Penal Code. Such orders are those enumerated in section 1382 of that code, and both subdivisions 1 and 2 thereof refer to cases where a person has been held for a public offense. In subdivision 1 it is provided that an action must be dismissed if an indictment is not found or information filed within thirty days after the defendant has been held to answer; and in subdivision 2 it is provided that where a defendant is not brought to trial within sixty days after the finding of an indictment or filing of an information, and a trial has not been postponed upon his own application, the prosecution must be dismissed. These are the only orders for dismissal to which section 1387 applies.

. █ Concerning appellant's complaint that his bail was forfeited improperly, it is sufficient to say that inasmuch as he has made no attempt to point out any way in which error in that behalf, if committed, could have affected his

substantial rights, and we are unable to perceive how such a result could follow, it is unnecessary and inexpedient to pass upon that question. If his bail was illegally forfeited the law provides a method by which he might seek its recovery, but he cannot do so through an appeal from the judgment. Where no other or different judgment than that rendered would result even though the action complained of was erroneous, the judgment will not be reversed. (*People* v. *Scott*, 24 Cal. App. 440 [141 Pac. 945] ; *People* v. *Gibson*, 106 Cal. 458 [39 Pac. 864] ; *People* v. *Grider*, 13 Cal. App. 703 [110 Pac. 586].)

It appears that appellant owned a large still for the manufacture of whisky, which he and one Hoffman operated on the second floor of the premises where Hrjak was arrested; that Hoffman was not present at the time of the search and arrest of appellant, but that appellant was apprehended as he came down the stairs; he admitted to the officers that it was his home, but when asked as to his true name he gave a fictitious one. ▊ Hoffman's wife testified as to the ownership of the still, and admitted that at times she may have watched it for the two men; that she assisted in bottling the product. A large quantity of the whisky was also found on the same floor, together with mash, sugar, etc.. It is argued that if it be held that the evidence is sufficient to sustain the verdict and judgment, Mrs. Hoffman was shown to have been an accomplice, and that a conviction based upon her uncorroborated evidence would have to be reversed. This point requires but brief attention, since the rule contended for is not applicable to this case. The *corpus delicti* was abundantly established, and the jury may well have been warranted from the facts and circumstances before them, even in the absence of Mrs. Hoffman's testimony, in finding the defendant guilty. Identification of a defendant as the criminal need not be positively proved, and the weight and sufficiency of the evidence is entirely within the province of the jury, where, as here, there are substantial facts and circumstances tending to connect him with the offense. (*People* v. *Rolfe*, 61 Cal. 540; *People* v. *Franklin*, 46 Cal. App. 1 [188 Pac. 607].)

▊ The only other contention worthy of discussion is the asserted error of the trial court in declining to instruct the jury as to the law governing the issuance of search-warrants,

their service, etc. None of these matters was relevant or proper to be considered by the jury. Where competent evidence is produced on a trial, the courts will not inquire into its source or the means by which it was obtained. (*People* v. *Mayen,* 188 Cal. 237 [24 A. L. R. 1383, 205 Pac. 435].)

Other alleged errors are assigned for reversal, but they consist of rulings of the court and the giving or refusing to give instructions, based upon erroneous theories which have already been disposed of.

The judgment and order denying motion for new trial are affirmed.

Works, P. J., and Thompson, J., concurred.