THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARINA GARCÍA MEDINA, Defendant and Appellant.

No. 14225. Argued January 9, 1950.—Decided April 18, 1950.

*Arcilio Alvarado* and *Carlos J. Ortiz* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The question to be decided here is whether, after an information charging a misdemeanor is dismissed in order to file another based on the same facts charging a felony, the defendant must be acquitted if convicted of a misdemeanor.

In this case appellant was charged with involuntary manslaughter, which is a misdemanor, because of the unlawful death of Magdaleno Ocasio, while the former handled a revolver without due care and caution.[1] Subsequently, another district attorney of the same district moved the court to order the dismissal of the information in order to file another charging the crime of murder. The court acquiesced, the new information was filed, and after the case was tried before a jury, the defendant was convicted of involuntary manslaughter with a recommendation of mercy. The defense then prayed that notwithstanding the verdict, the defendant be acquitted inasmuch as the dismissed information charged a misdemeanor and, despite the fact that the second information charged a felony, the verdict established that the crime committed was a misdemeanor. The motion was overruled and the defendant was sentenced to six months in jail, where-

---

[1] The lack of care and caution consisted in "handling said loaded revolver in a place where there was another person, Magdaleno Ocasio, at whom she pointed the gun and said 'I bet you I'll kill you.'" The evidence presented is not in the record.

upon she took the present appeal. She argues that, pursuant to § 452 of the Code of Criminal Procedure,[2] the lower court lacked jurisdiction to enter judgment.

It is unquestionable that in spite of the fact that the defendant was prosecuted for the crime of murder, the verdict established that she committed the crime of involuntary manslaughter. *Cf. People* v. *Ramos,* 28 P.R.R. 749; *People* v. *Picetti,* 57 Pac. 156 (Cal. 1899); *People* v. *Angelo,* 75 P. (2d) 614 (Cal. 1938). Consequently, we are confronted with the bar prescribed by § 452 of the Code of Criminal Procedure. However, the Assistant *Fiscal* of this Court maintains that said bar applies exclusively to dismissals ordered pursuant to § 448 of the Code of Criminal Procedure.[3] He insists that we would overrule our decisions [3a] holding that the bar applies to dismissals under § 448 as well as to those in accordance with § 451.[4] In support of his contention he invokes *People* v. *Hrjack,* 259 P. 353 (Cal. 1927); *People* v. *Zadro,* 66 P. (2d) 1204 (Cal. 1937) and *White* v. *Brinkman,* 73 P. (2d) 254 (Cal. 1937), all of them decided by intermediate courts of California. The reasoning in the first of these cases is by no means persuasive. It was said there

---

[2] Section 452 of the Code of Criminal Procedure provides:

"An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

[3] Section 448 of the Code of Criminal Procedure provides:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

[3a] *People* v. *Muñoz,* 57 P.R.R. 212; *People* v. *Calero,* 68 P.R.R. 295.

[4] Section 451 of the Code of Criminal Procedure provides:

"The court may, either of its own motion or upon the application of the prosecuting attorney and in furtherance of justice, order an action on an information to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

that the language of § 1387 [452]⁵ is too plain to be mistaken and that it limits the application thereof to those orders for dismissal provided in Chapter 8, tit. 10 of the Penal Code,⁶ and that such orders are those enumerated in § 1382 [448]. The other two cases simply follow blindly *People* v. *Hrjak*, *supra*, without further comment.

Indeed, we are unable to see how this limitation could be introduced into the language of § 1387 [452], as said Section expressly provides that the bar to any other prosecution for the same offense applies to the orders for dismissal "provided in this Chapter," which includes § 1382 [448] as well as 1385 [451]. If both Sections are comprised within the said Chapter, under what authority could it be held that the bar applies to dismissals ordered pursuant to § 448 but excludes those ordered pursuant to § 451? Had that been the legislative intent, it would have been easy to substitute the words "as provided in this chapter" for "as provided in § 448 of this Code." Precisely, based on the clear language of § 452 of the Code of Criminal Procedure, we said in *People* v. *Muñoz*, 57 P.R.R. 212, 216:

"Section 452 is by its own terms limited to the dismissals ordered in accordance with the provisions of section 448 and 451 comprised in chapter VI, which also includes said section 452."

It is true that toward the close of the opinion in *People* v. *Alvarez*, 57 P.R.R. 755, involving two informations for assault with intent to commit murder which were dismissed by virtue of the provisions of § 448 of the Code of Criminal Procedure and were replaced by two new informations charging the same offenses and in which the defendant was con-

---

⁵ The number in brackets beside the number of the Section of the Penal Code of California is the corresponding Section in the Code of Criminal Procedure of Puerto Rico.

⁶ That chapter corresponds to Chapter 6, Tit. XI of our Code of Criminal Procedure.

victed of the offenses of aggravated assault and battery in each case, the following paragraph, invoked by the *Fiscal*, is found:

"Section 452, *supra*, does not refer to the crime committed but to the one charged in the information, and it is to the information and not to the verdict or judgment, in cases tried by the court without a jury, that resort must be had in order to determine whether application can be made of the prohibition contained in section 452, *supra*, regarding a new prosecution."

Undoubtedly, this paragraph, considered alone, supports the contention of the *Fiscal*. But we have repeatedly held that the language of an opinion should always be read in the light of the facts of the case in which it was used and together with the opinion as a whole. And the opinion in that case, among other things, says:

"The two informations which had previously been dismissed do not appear from the record; but it does appear that they charged the crime of assault with intent to commit murder, which our Penal Code characterizes as a felony. That being so, upon the dismissal of said informations the cited section 452 did not preclude the filing of new informations against the defendant for the same offense. The fact that the jury found the defendant guilty of aggravated assault and battery in both cases, does not change the characterization of the offense as charged in the dismissed informations. The defendant was prosecuted on two charges of assault with intent to commit murder (felony) and those were the prosecutions that were dismissed in accordance with section 448 of the Code of Criminal Procedure, 1935 ed., and that being so, their dismissal did not preclude the commencement of other prosecutions for the same crime, for as we have seen, the dismissed informations refer to felonies and not to misdemeanors."

Considering the paragraph first copied as well as the latter in the light of the facts of the case, it seems clear that the nature of the offenses charged in those original informations and the nature of the substituting informations—in the one as well as in the other, felonies were charged—and not the

verdict of guilty of a misdemeanor, governed the application of the bar prescribed by § 452 of the Code of Criminal Procedure.

We see no justifiable reason to adopt the doctrine of the three California cases which, with all due respect, have not convinced us that the bar in § 452 applies exclusively to the dismissals ordered by virtue of § 448 of the Code of Criminal Procedure.

 It must not be understood that the district attorney could not file an information of murder after the one he had filed charging involuntary manslaughter had been dismissed. He was empowered to do so. What § 452 bars is that once an information charging a misdemeanor is dismissed—whether the dismissal is ordered by virtue of § 448 or under § 451—a new information on the same facts be filed charging a misdemeanor. Instead, § 452 does not prohibit that once an information charging a misdemeanor is dismissed, another be filed on the same facts charging a felony. But, naturally, if an information charging a misdemeanor is dismissed and another is brought on the same facts charging a felony, and conviction is had for a misdemeanor, since the crime committed is a misdemeanor and the information dismissed charged a misdemeanor, if under these circumstances judgment is entered against the defendant, something which could not be done directly because it is expressly prohibited by § 452, would be indirectly accomplished. For this reason, when the dismissal of an information charging a misdemeanor is ordered, if the district attorney chooses to file an information on the same facts charging a felony, he runs the risk,[7] as happens here, that the defendant may be convicted of a misdemeanor; and as the dismissed information charged a misdemeanor and the crime committed was a misdemeanor, the

---

[7] This risk does not exist in regard to dismissals under § 157 of the Code of Criminal Procedure, for as we said in *People* v. *Calero*, 68 P.R.R. 295, § 452 is limited to dismissals under §§ 448 and 451 of the said Code.

defendant must be acquitted by virtue of the bar of § 452. This does not happen when the crime charged in the dismissed information is a misdemeanor, an information charging a felony is filed and conviction is had for a felony. In that event, § 452 does not come into play.

The judgment will be reversed and the defendant acquitted.

Mr. Justice Negrón Fernández dissented.