STATE EX REL. BORBERG, RELATOR, *v.* DISTRICT COURT OF THIRTEENTH JUDICIAL DISTRICT IN AND FOR YELLOWSTONE COUNTY, ET AL., RESPONDENTS.

No. 9137.
Submitted January 29, 1952. Decided February 11, 1952.
240 Pac. (2d) 854.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Charles B. Sande, County Atty., Mr. Richard J. Carstensen, Deputy County Atty., Mr. Arnold A. Berger, Deputy County Atty., all of Billings, for appellant.

Messrs. Wood, Cooke and Moulton, Billings, for respondents. Mr. Carstensen and Mr. Berger argued orally.

MR. CHIEF JUSTICE ADAIR:

Certiorari. Original proceeding, wherein relator Emil Borberg as justice of the peace of Billings township in Yellowstone county, petitioned for and was granted a writ to review certain proceedings, orders and adjudications of the respondents, the district court of Yellowstone county and the Honorable F. V. Watts, district judge presiding in district court Case No. 25689. Respondents appearing by counsel made return to the writ so issued and filed a brief on which they submitted their case, waiving oral argument. Relator, appearing by the county attorney of his county, filed briefs and orally argued the cause whereupon it was submitted for decision.

*Case No. 7576.* December 23, 1950, the county attorney of Yellowstone county commenced in the justice court of Billings township, before Emil Borberg, a justice of the peace, criminal case No. 7576, by filing a criminal complaint against the Elmo Club, a corporation and Robert J. Porter, defendants, charging that "on or about the 18th day of Dec., A. D. 1950" upon their premises licensed to sell liquor at retail, they committed the crime of selling liquor after closing hours in that they did there sell whisky "after the hour of two o'clock A. M. and before the hour of one o'clock p. m., to-wit at 3:20 o'clock A. M. of said day contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State of Montana."

The allegations of the complaint meet the requirements of ▮ the statute. R. C. M. 1947, sec. 94-100-1. Therein facts are stated which constitute a public offense and charge a violation of the provisions of R. C. M. 1947, sec. 4-414, being a misdemeanor, R. C. M. 1947, sec. 4-439, within the jurisdiction of the justice of the peace court to try. R. C. M. 1947, secs. 94-4916, 94-114, 94-116; State v. Holt, 121 Mont. 459, 478, 194 Pac. (2d) 651, 662. The complaint is good.

On the day the complaint was filed defendants entered a plea of not guilty. Four days later the defendant Porter and the county attorney appeared in such justice's court, where, on motion of the county attorney and his representation to the court that an error was made in setting forth the time of the commission of the offense the justice of the peace ordered the complaint dismissed.

*Case No. 7582.* Simultaneously with the dismissal of the foregoing complaint, without objection and in the presence of the defendant Porter, the county attorney commenced in said justice of the peace court criminal case No. 7582 by filing a new criminal complaint against the same two defendants, charging that ''on or about the 17th day of December, A. D. 1950,'' upon their premises licensed to sell liquor at retail, they committed the crime of selling liquor after closing hours in that they did there sell whisky ''after the hour of two o'clock A. M., and before the hour of one o'clock P. M., to-wit: at 3:20 o'clock A. M. of said day.''

Not only is there no statute forbidding the filing of the new ▮ complaint but there is an express statute which provides that if a demurrer to any criminal complaint is sustained for any other cause than that of a want of jurisdiction in the court to hear the offense charged ''a new complaint may be made against the defendant.'' R. C. M. 1947, sec. 94-100-10.

Except for the allegation in the complaint in the first case charging an offense committed ''on or about the 18th day of Dec.'' and that in the second case charging an offense committed ''on or about the 17th day of December'' the allegations

of the complaint in each case are identical. Immediately upon the filing of the complaint in the second case (No. 7582) the defendant Porter was arrested, arraigned and released on bail to appear and plead on January 5, 1951.

January 5, 1951, the defendants, appearing by counsel, served and filed an instrument *in writing* designated ''Special Plea in Bar of Defendants'' wherein they averred that the justice of the peace was and is without jurisdiction or right to entertain the complaint in the second case (No. 7582) contending that, under the provisions of R. C. M. 1947, sec. 94-9507, the state's voluntary dismissal of the complaint in the first case (No. 7576) is a bar to the prosecution of defendants for the offense of which they are accused by the complaint in the second case and praying for an order dismissing such second case,—releasing defendants from custody and exonerating their bail.

January 13, 1951, the county attorney filed in the second case an instrument *in writing* designated ''Answer to Special Plea in Bar of Defendants'' and upon the same date the defendants filed a *written* motion to strike therefrom all of the seventh paragraph thereof ''as legally insufficient as an answer or defense to the said Defendants' special plea in Bar'' and moved to dismiss the action in accordance with the prayer of defendants' so-called special plea in bar.

January 19, 1951, the county attorney served and filed an instrument *in writing* designated ''Amended Answer to Special Plea in Bar of Defendants'' in the seventh paragraph whereof is set forth the facts, circumstances and reasons for the voluntary dismissal of the complaint in case No. 7576 and for the simultaneous filing of the complaint in case No. 7582, said paragraph of said so-called amended answer concluding: ''and consequently the dismissal of the Complaint under case number 7576 is not a bar to the prosecution of the offense as set forth in case number 7582.''

January 22, 1951, the defendants jointly and severally served and filed a second *written* motion to strike from the county at-

torney's so-called amended answer the above last quoted portions of the seventh paragraph thereof, as being redundant and irrelevant matter, and also moved for the dismissal of the action in accordance with the prayer of the so-called special plea in bar.

We find no authority in the law of this jurisdiction for such ██ procedure in a criminal case brought and prosecuted in a justice's court. Here both the defendants and the state departed from the prescribed practice and this we may not condone. In a criminal prosecution the only pleading on the part of the defendant is either a demurrer or a plea. R. C. M. 1947, sec. 94-6701. To a criminal complaint in a justice's court the defendant may make the same plea as upon indictment or information. "His plea *must be oral,* and entered in the minutes." R. C. M. 1947, sec. 94-100-4. (Emphasis supplied.) The four kinds of pleas authorized by the Codes are enumerated in R. C. M. 1947, sec. 94-6801, while R. C. M. 1947, sec. 94-6802 prescribes the form for each plea and provides that every plea "must be *oral*".

February 19, 1951, the justice of the peace denied defendants' above motions of January 13th and 22nd,—overruled the so-called "Special Plea in Bar of Defendants" and ordered defendants to make their pleas to the complaint.

*Case No. 25689.* February 26, 1951, the defendants commenced, in the district court of Yellowstone county, cause No. 25689, wherein they petitioned for and, by order that day made by the Honorable Ben Harwood, a judge thereof, were granted a writ of certiorari directed to Emil Borberg, as justice of the peace of Billings township in said county, requiring such justice of the peace to certify and return to said district court a complete transcript of the record and proceedings had before him in criminal cases Nos. 7576 and 7582, the district court proceeding being entitled "State of Montana, ex rel. The Elmo Club, a corporation and Robert J. Porter, Relators v. Emil Borberg, as Justice of the Peace for Billings Township, Yellowstone County, State of Montana, Respondent."

March 3, 1951, the justice of the peace made his return to the writ and filed in the district court a certified copy of the proceedings had and done in criminal cases Nos. 7576 and 7582.

March 8, 1951, the county attorney, appearing on behalf of the justice of the peace, interposed a motion to quash the writ so issued out of the district court on the grounds that certiorari is not the proper remedy; that the affidavit initiating the proceeding fails to state facts sufficient to authorize the issuance of the writ; that such affidavit fails to state facts sufficient to show that adequate relief could not be obtained in the justice of the peace court; that such affidavit fails to state any facts sufficient to show that adequate relief would not be afforded by appeal and that it fails to state any facts showing that there is no plain, speedy, or adequate remedy other than by certiorari.

April 9, 1951, the justice of the peace was served with defendants' notice of a motion to strike from the files the motion to quash the writ or, in the alternative, to dismiss such motion to quash. At this stage of the proceeding the Honorable F. V. Watts, district judge of the fourteenth judicial district of the state of Montana, was called to preside in the case and on April 17, 1951, he assumed jurisdiction and ordered the motions and other matters then pending continued to a date to be subsequently fixed and thereafter set July 19, 1951, for hearing the matters at which time, pursuant to stipulation of counsel, same were submitted to the court on briefs.

October 3, 1951, Judge Watts denied the defendant's motion to strike the motion to quash the writ,—denied the motion of the justice of the peace to quash the writ and rendered a formal judgment wherein he specifically found, *inter alia,* "that the Special Plea in Bar * * * should have been sustained and said action dismissed by the Justice of the Peace * * * for the reason that a prosecution under the complaint therein is barred under the provisions of Title 94, section 9507, Revised Codes of Montana * * * and that the * * * Justice of the Peace * * * has exceeded his jurisdiction in said matter, and cannot, for lack of jurisdiction render a valid judgment in said cause No. 7582."

After reciting the foregoing and other findings the judgment then ordered, adjudged and decreed:

1. That the action of the justice of the peace in overruling and denying defendants' special plea in bar in action No. 7582 "is contrary to law";

2. That "said Special Plea in Bar is a good and sufficient legal bar to the further prosecution of said action";

3. That the order made by the justice of the peace, in case No. 7582, "requiring the defendants therein * * * be held and to be and appear in said Justice of the Peace Court to answer the charges set forth in the complaint therein, should be and hereby is annulled and set aside";

4. That "the said Emil Borberg, as Justice of the Peace in and for Billings Township * * * is without jurisdiction to further proceed in said cause No. 7582";

5. "And that said action be dismissed and the defendants discharged and their bail released."

*Case No. 9137.* October 29, 1951, the relator, Emil Borberg, as justice of the peace of Billings township commenced the instant proceeding in this court against the respondent district court and the judge therein presiding, being cause No. 9137 herein.

The complaint in case No. 7576, as well as that in case No. 7582, charges that the defendants, *"on or about"* a designated day in December 1950, sold whisky upon their premises licensed to sell liquor at retail, "after the hour of two o'clock A. M. and before the hour of one o'clock P. M., *to-wit* at 3:20 o'clock A. M. of said day."

The law of this state makes it a misdemeanor to sell liquor on such licensed premises "to-wit: at 3:20 o'clock" in the morning of any day of any month of the year. R. C. M. 1947, secs. 4-414 and 4-439.

The precise day of the commission of the crime of selling liquor at a prohibited and unlawful hour in the morning is not of the essence of the offense and the use of the phrase "on or about" a certain day of a certain month in the year

1950 in charging such offense simply indicates that the time alleged was stated with approximate accuracy. State v. Terry, 77 Mont. 297, 250 Pac. 612; State v. Thompson, 10 Mont. 549, 27 Pac. 349. Compare: Thompson v. United States, 3 Cir., 283 F. 895, 897; Benson v. State, 128 Tex. Cr. R. 72, 79 S. W. (2d) 122, 123; State v. Wolpers, 121 Wash. 193, 208 Pac. 1094, 1095; State v. Pace, 187 Or. 498, 212 Pac. (2d) 755, 758; State v. Guillot, 200 La. 935, 9 So. (2d) 235, 239. The county attorney also lays the time under a *videlicet,* a peculiar office whereof, in pleading, is to mark that the party does not undertake to prove the precise circumstances of time alleged under a videlicet strictly as alleged and he is not held to such proof. 2 Abbott's Law Dictionary, p. 635. *Videlicet* is thus used to avoid a variance and escape a positive averment which otherwise might be required to be strictly proved it being deemed sufficient if the evidence establishes a violation between the hours of two a. m. and eight a. m., on a day other than Sunday on which latter day sales of liquor are prohibited from two a. m. to one p. m. sec. 4-414.

Perfection is not required in the pleading of a criminal cause in the justice's court any more than in a district court. Perfection in pleading is seldom attained in either forum. Amendments to eliminate clerical errors or in the furtherance of justice are common. Ordinarily the ends of justice are best observed by disposing of criminal causes in a justice's court upon their substantial merits rather than with too strict regard to technical rules of procedure. It is quite common, in the exercise of a sound discretion, to allow a criminal complaint to be amended in conformity with the spirit of the law and in such a manner as will subserve rather than impede the ends of justice by preserving to the party claiming in good faith to have his substantial defense to the charge an opportunity to present it.

In the first case the defendants made a plea of not guilty thereby putting in issue every material allegation of the complaint but before any trial was had or even commenced the county attorney discovered that the particular day on which

he had accused defendants of making an illegal sale was Sunday the 17th rather than the 18th of December 1950, whereupon to further particularize the time of the alleged sale and to fully inform the defendants and the court well in advance of trial he made the motion to dismiss his first complaint and upon the granting of such motion immediately commenced case No. 7582 by filing his second complaint charging an unlawful sale made "on or about the 17th day of December, A. D., 1950."

The complaint in the first case required neither amendment nor dismissal. It was good as it stood.

The complaint in the second case is equally good. The law disregards trifles, sec. 49-125, and in a criminal complaint, information or indictment it does not require particularity to the point of absurdity. State v. Gondeiro, 82 Mont. 530, 535, 268 Pac. 507; State v. Terry, supra. Under the complaint in either case proof of an illegal sale on either the 17th or 18th day of the month designated would have been admissible without effecting a fatal variance. Defendants were in no wise or manner prejudiced by the state's voluntary dismissal of the first case nor by the filing of the complaint in the second case which only supplied defendants with more particular information as to the time at which the state expects to prove the unlawful sale was made.

In the first case defendants complied with the requirements prescribed by sections 94-100-4, 94-6701, 94-6801 and 94-6803, R. C. M. 1947, but in the second case they made no such compliance. Instead of *orally* making one of the four pleas prescribed by section 94-6801 they filed an elaborate written instrument termed a special plea in bar which, with the exhibits attached, comprises seven typewritten pages wherein they contend that by reason of its dismissal of the complaint in the first case the justice's court is without jurisdiction or right to entertain and the state and county attorney are barred from prosecuting the second case.

To support such contentions defendants cite and rely upon R. C. M. 1947, sec. 94-9507, which provides: "An order for the

dismissal of an action, *as provided in this chapter,* is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony.'' (Emphasis supplied.)

The phrase ''as provided in this chapter'' means as provided ▆ in Chapter 95 of Title 94, being sections 94-9501 to 94-9507, inclusive, of the Revised Codes of 1947.

The only section of Chapter 95 of Title 94 of the Codes which provides for an order for the dismissal of an action is the first section of the Chapter which reads:

''94-9501. (12223) When action may be dismissed. The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

''1. Where a person has been held to answer for a public offense, if an information is not filed against him, within thirty days thereafter, or such time has not been extended by the court or judge.

''2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six months after the finding of the indictment, or filing of the information.''

In the criminal cases here involved no information was filed ▆ against defendants nor have they been held to answer for any public offense requiring the filing of an information or indictment under Article III, section 8, of the Constitution or under R. C. M. 1947, sections 94-6201, 94-6206 and 94-6332. The first complaint was filed within five days after the offense was alleged to have been committed while the second complaint was filed within nine days after the offense therein was alleged to have been committed. Fifty-four days after filing the second complaint the justice of the peace overruled defendants' so-called special plea in bar and ordered defendants to make their plea to the complaint. One week thereafter, on the application and affidavit of defendants, the respondent district court issued and caused to be served upon the relator as justice of the peace, a writ of certiorari commanding and requiring him and his court, *inter alia,* ''to desist from further proceedings in action

No. 7582'' and upon such application of defendants and by reason of the order and command of the respondent district court no further proceedings have been had or done in said cause by relator or in the justice's court over which he presides except as directed and commanded by the respondent district court. The postponement of entering pleas and the postponement of the trial of case No. 7582 has been had and done upon defendants' application to and the consequent interference by the respondent district court and of such delay and postponement defendants may not now nor hereafter be heard to complain. Clearly the provisions of Chapter 95 of the Revised Codes of Montana of 1947, being sections 94-9501 to 94-9507, both inclusive, have no application whatever herein.

Sections 94-9501 and 94-9507, supra, are substantially the same as sections 1382 and 1387 of the Penal Code of California, construed in People v. Hrjak, 85 Cal. App. 301, 259 Pac. 353, 354. In the Hrjak case, a criminal complaint was filed in the justice's court charging the defendant with a misdemeanor in unlawfully manufacturing intoxicating liquors alleged to have been committed February 9, 1927. Defendant was arrested and upon a preliminary hearing before the justice of the peace, the complaint was ordered dismissed and the defendant discharged because of the insufficiency of the evidence. A week later a second complaint was filed in the justice's court charging defendant with unlawfully manufacturing intoxicating liquor alleged to have been committed February 10, 1927, being one day later than was averred in the first complaint. At his trial under the accusation of the second complaint, defendant claimed a former jeopardy under the provisions of section 1387 but the defense was disallowed and he was convicted. On his appeal he contended that under the provisions of section 1387 he could not be further prosecuted for the offense charged. In affirming the judgment of conviction the appellate court quoted section 1387 of the Penal Code of California, being the same as R. C. M. 1947, sec. 94-9507, and said: ''The language is too plain to be mistaken. It limits the application of the section to those orders

for dismissal provided in chapter 8, tit. 10, of the Penal Code. Such orders are those enumerated in section 1382 of that code * *. These are the only orders for dismissal to which section 1387 applies.'' The Hrjak case, supra, is cited on this point and followed in People v. Grunhof, 115 Cal. App. (2d) Supp. 771, 299 Pac. 519, 520; People v. Zadro, 20 Cal. App. (2d) 320, 66 Pac. (2d) 1204, 1206; White v. Brinkman, 23 Cal. App. (2d) 307, 73 Pac. (2d) 254, 259. Compare: State v. McGowan, 113 Mont. 591, 131 Pac. (2d) 262.

In Parks v. Superior County, Cal. App. 1951, 236 Pac. (2d) 874, 884, it is said: ''It seems appropriate to observe that if a magistrate erroneously dismisses a complaint, or a count of a complaint, and discharges a defendant, prosecution for the public offense involved is not necessarily at an end. The defendant, in such a case, has not yet been put in jeopardy. A second complaint, alleging the same facts, may be filed. Proceedings upon it will not abate because of the discharge upon the first complaint. Ex parte Fenton, 77 Cal. 183, 19 Pac. 267, and People v. Zadro, 20 Cal. App. (2d) 320, 66 Pac. (2d) 1204.''

So in this jurisdiction the only orders for dismissal to which R. C. M. 1947, sec. 94-9507, applies are those orders for dismissal provided in Chapter 95 of Title 94 of the Revised Codes of 1947, being such orders as are enumerated in subdivisions 1 and 2 of section 94-9501.

The provisions of sections 94-9501 and 94-9507, supra, are wholly inapplicable to the dismissal of the criminal complaint in case No. 7576 upon the grounds and under the facts and circumstances above shown or to the filing of a new complaint in case No. 7582 or to the prosecution of the defendants on the accusation therein made and defendants' so-called special plea in bar, being unauthorized by law and wholly lacking in merit, the justice of the peace was acting within jurisdiction and in accordance with law in overruling the purported plea and in ordering defendants to make proper plea to the second complaint as is provided for in sections 94-100-4, 94-6801 and 94-6802, supra.

Upon a plea other than guilty, the cause would have been set for trial and tried in a manner provided for in Chapter 100 of Title 94 of the Revised Codes and should defendants then deem themselves aggrieved by the judgment entered, they may take a timely appeal to the district court, R. C. M. 1947, sec. 94-100-33, where the cause would be tried anew. R. C. M. 1947, sec. 94-100-38.

R. C. M. 1947, sec. 93-9002, sets forth the facts and circumstances which must exist before a court is authorized to grant a writ of review. Since the record before us shows (1) that in disallowing defendants' so-called plea in bar and in ordering them to make a plea as prescribed by the Codes the justice of the peace was acting within jurisdiction; (2) that the defendants may appeal to the district court from any judgment entered against them in the justice's court; (3) that on such appeal the cause will be tried anew in the district court and (4) that such remedies so available to defendants are plain, speedy and adequate, it is apparent that the respondent district court exceeded its jurisdiction in ordering the issuance of the writ of review and in making the orders and rendering the judgment so entered against such justice of the peace.

The jurisdiction and powers of a judge extend and are limited to those fixed by law. Beyond that he cannot act. State v. Israel, 124 Mont. 152, 220 Pac. (2d) 1003, 1013.

Sections 94-9501 and 94-9502 authorize a prescribed procedure relating to the dismissal of certain limited actions under specified conditions and the respondent district court applied such sections to an entirely different situation than is provided for thereby exceeding the jurisdiction of such tribunal. The law is as stated in Rodman v. Superior Court, 13 Cal. (2d) 262, 269, 89 Pac. (2d) 109, namely that "it seems well settled (and there appears to be no case holding to the contrary) that when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction, and *certiorari* will lie to correct such excess."

In 4 Cal. Jur., Certiorari, p. 1025, in discussing section 1068

of the California Code of Civil Procedure, which is the same as R. C. M. 1947, sec. 93-9002, it is said: "It is also clear that if the court or board acts in an unauthorized mode and thereby exceeds the bounds of its power, its action may be reviewed on certiorari." Citing: Carpenter v. Superior Court, 75 Cal. 596, 19 Pac. 174. See also: Spreckels S. Co. v. Industrial Accident Comm., 186 Cal. 256, 199 Pac. 8.

We are sending this criminal cause back to the justice's court for plea and for trial without further delay should the plea raise an issue. Accordingly the rulings and orders made and entered on or about the 19th day of February 1951, by the relator as justice of the peace presiding in criminal case No. 7582 are approved and made effective from date of original entry by relator,—the findings and orders of the respondent district court in case No. 25689 are annulled,—its judgment is reversed and the cause is remanded with directions to dismiss *ab initio* the proceedings had and done in the respondent district court against the relator, Emil Borberg, as justice of the peace and his court. It is so ordered.

ASSOCIATE JUSTICES METCALF, BOTTOMLY, FREE-BOURN and ANGSTMAN concur.

Rehearing denied February 28, 1952.

