No. 13084

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOSEPH THERON HALL,

Defendant and Appellant.

_____

Appeal from:   District Court of the Eleventh Judicial District,
              Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Donald L. Shaffer argued, Libby, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
William J. Anderson, Assistant Attorney General,
argued, Helena, Montana
William A. Douglas argued, County Attorney, Libby,
Montana

_____

Submitted:   August 30, 1976

Decided:   SEP 23 1976

Filed:

_Thomas J. Kearney_
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Lincoln County, on a jury verdict finding the defendant guilty of grand larceny.

Sometime during the weekend of August 17 to August 20, 1973, a food storage trailer and cookhouse of the Canyon Logging Company, where defendant Joseph Theron Hall had been employed as a cook for some time, were broken into and a large quantity of foodstuffs taken. At the time of this break in the camp, located at Bunker Hill near Eureka, Montana, was closed due to fire conditions in the area.

The break in was discovered on August 20, 1973, by the logging supervisor who had gone to the camp to be certain it was closed down properly. Investigation by the Lincoln County sheriff's department resulted in the filing of an Information in district court, December 5, 1974, charging defendant with the felonies of first degree burglary and grand larceny. The Information stated the offenses charged occurred "on or about the 19th day of August, 1973." On December 6, 1974, defendant's counsel filed a notice of intent to rely on the defense of alibi and a list of supportive witnesses, pursuant to the requirements of section 95-1803(d), R.C.M. 1947.

Trial held on this matter was commenced February 24, 1975. At conclusion of the state's case, the defendant's motion for a directed verdict dismissing the charge of burglary in the first degree was granted. Defendant also moved for a directed verdict on the charge of grand larceny based on the allegation that the state's evidence was not sufficiently specific as to time of the

offense. This motion was denied. The state offered proof indicating the offense charged could have taken place anytime between the early evening, Friday, August 17, to noon Monday, August 20, 1973.

At trial defendant's defense consisted mainly of testimony of several alibi witnesses for the period from the night of August 18, 1973 through the morning of August 20, 1973. No testimony was presented regarding the period prior to that time. Defendant argues on appeal that the state's proof that the offense could have occurred over a three day period was in variance with the Information date of August 19, 1973, and denied him fair notice to defend with alibi witnesses for August 17 and 18. This appeal is from the judgment and the order denying a motion for a new trial after defendant was found guilty of grand larceny.

Section 95-1503, R.C.M. 1947, in pertinent part, states a charge shall:

"(c) Charge the commission of an offense by:

"* * *

"(4) stating the time and place of the offense
as definitely as can be done * * *." (Emphasis added.)

In State ex rel. Borberg v. District Court, 125 Mont. 481, 488, 489, 240 P.2d 854, this Court stated:

"Perfection is not required in the pleading of a
criminal cause * * * [and] is seldom attained * * *."

The Court also stated in Borberg:

"* * *the use of the phrase 'on or about' a certain
day of a certain month in the year 1950 in charging
such offense simply indicates that the time alleged
was stated with approximate accuracy. State v. Terry,
77 Mont. 297, 250 Pac. 612; State v. Thompson, 10 Mont.
549, 27 Pac. 349."

The use of approximate date language should have served to put the defendant on notice the state intended to prove the crime was committed within a reasonable period of time prior to or subsequent to the date on the Information. The location of the break in and the difficulty in determining the exact time of the offense dictated the state's use of the less precise "on or about" language.

Defendant concedes time is not ordinarily a necessary ingredient of the offense of grand larceny. He argues, however, that notice of intent to rely on a defense of alibi as required by section 95-1803(d), R.C.M. 1947, gives the state notice time may become an essential fact of the proof required to convict the accused. Assertion of the alibi defense does not change the nature of the crime charged here. Defendant should have realized the state would present evidence proving the crime took place sometime in the period between shutdown of the camp and discovery of the break in. Defendant cannot restrict the state's case by merely asserting intent to rely on an alibi defense for a limited period of time within which the crime could have occurred.

Further, in requesting a new trial, defendant failed to seek the proper relief if he wished to protect himself from any prejudice allegedly incurred by use of an approximate date in the charging Information and the proof offered at trial. The action suggested in State v. Rogers, 31 Mont. 1, 4, 77 P. 293, would have been appropriate. In that case, under circumstances very similar to those presented here, the Court said:

> "* * * the defendant might not be prepared to prove an alibi as to any day except that named in the information. But the defendant in such a case may protect himself by asking for permission to subpoena other witnesses, or, if necessary, to ask for a continuance, and the action of the court thereon would then become a proper subject for review on appeal." (Emphasis added.)

Section 95-1803(d), R.C.M. 1947, provides in pertinent part:

" * * * After the trial commences, no witnesses may be called by the defendant in support of these defenses, unless the name is included on such list, <u>except upon good cause shown</u>." (Emphasis added.)

Even though this section requiring advance notice of the defendant's intent to utilize an alibi defense was not enacted until 1967, it provides for a modification of the witness list upon a showing of good cause by the defendant, and protects him from the type of prejudice alleged to have occurred here. If defendant felt his defense of alibi was jeopardized at the close of the state's case, his proper course would be to seek a continuance to have time to prepare a suitable defense to meet the charges raised. Defendant cannot have the best of two worlds. Having elected to let the case go to the jury, he cannot now complain after the jury has found him guilty.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 5 -